## DORSEY vs. THE CITY OF RACINE.

*March 21 — April 8, 1884.*

*Injury from defective highway: Notice: Pleading.*

Service of the notice required by sec. 1339, R. S., upon the mayor or city clerk, is a condition precedent to the maintenance of an action against the city for injuries caused by a defective street; and the giving of such notice must be alleged. An averment that the plaintiff duly presented his claim for damages to the city council and that the council duly, by resolution, refused to pay it, is insufficient.

APPEAL from the Circuit Court for *Racine* County.

Action for injuries to a wagon and team, alleged to have been caused by a defective street in the defendant city. The defendant appealed from an order overruling a general demurrer to the complaint.

For the appellant the cause was submitted on the brief of *Edwin White Moore.*

For the respondent there was a brief by *Samuel & A. S. Ritchie,* and oral argument by *Mr. A. S. Ritchie.*

COLE, C. J. In support of the demurrer but a single point is relied on. It is said there is no allegation in the complaint that the notice in writing required by sec. 1339, R. S., was served upon the mayor or city clerk. The objection is well taken, as an examination of the complaint will show. The complaint is therefore fatally defective for want of such an averment. This court has often had occasion to decide that the giving of this written notice is made by the statute a condition precedent to the right of maintaining the action. *Susenguth v. Town of Rantoul,* 48 Wis., 334; *Teegarden v. Town of Caledonia,* 50 Wis., 292; *Plum v. Fond du Lac,* 51 Wis., 393; *Benware v. Town of Pine Valley,* 53 Wis., 527. The provision expressly declares that no action for any damage to a person or to his property, occasioned by reason of

the insufficiency or want of repair of any highway, shall be maintained, unless within ninety days from the happening of the injury a written notice shall be given to the mayor or city clerk, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed. Doubtless the object of the notice is that the city authorities may ascertain the facts, both as to the defect in the highway and in respect to the personal injury occasioned thereby, while the matter is fresh and the truth can be ascertained. The law is plain upon the subject, and the complaint must show that the provision was complied with, otherwise it will fail to state a cause of action.

There is an averment that the plaintiff duly presented his claim for damages to the city council of the city of Racine, and that the council duly, by resolution, refused to pay it. But this fails to show a compliance with sec. 1339, above referred to. The demurrer to the complaint should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.