Sowle vs. The City of Tomah.

---

Sowle, Respondent, vs. The City of Tomah, Appellant.

*February 4 — February 23, 1892.*

*Highways: Injury from defective street: Notice: Insufficient description: Knowledge of city officers.*

1. In an action against a city for personal injuries caused by a defective street, the notice given in attempted compliance with sec. 1339, R. S., stated that the damage occurred on Washington street, within the corporate limits of the city, between blocks 3 and 25 of Railroad addition to the city. There was no block 3 in said Railroad addition. The length of Washington street in said addition was not shown at the trial, but it appeared that it was abutted on one side by three blocks which contained nineteen lots and were separated by two streets. *Held*, that the notice did not state with reasonable certainty the place where the damage occurred, and hence was insufficient.

2. It is immaterial that some of the city officers were at the place of injury immediately after the accident and knew precisely where it occurred. Such knowledge does not dispense with the necessity of giving the prescribed notice.

APPEAL from the Circuit Court for *Monroe* County.

This action is to recover damages for personal injuries which the plaintiff alleges he received by reason of the in-

sufficiency or want of repair of Washington street, one of the public streets or highways in the defendant city. Due service of notice of the injury, the place where it occurred, and the claim for damages, as required by sec. 1339, R. S., is alleged in the complaint. The answer is substantially a general denial.

It appeared on the trial that the following is the only notice thus given:

" *To H. S. Beardsley, Mayor of the City of Tomah:* You will please take notice that the undersigned, *Harvey M. Sowle,* of this city, was injured in person and property on the 21st day of February, A. D. 1888, within the corporate limits of the city of *Tomah,* on account of the insufficiency or want of repair of Washington street, a public highway within the corporate limits of said city, between blocks three and twenty-five of Railroad addition to the village (now city) of *Tomah,* in that the said street was obstructed by one hay-rack placed nearly in the center thereof; and that the undersigned claims of said city satisfaction therefor.                                HARVEY M. SOWLE.

" Dated, Tomah, March 22, 1888."

Such notice was served in due time on the proper city officer.

A trial of the action resulted in a verdict for plaintiff, upon which judgment was rendered against defendant for the damages assessed by the jury and costs. A motion for a new trial, one of the grounds of which being that the plaintiff failed to prove a cause of action, was made by the defendant in due time and denied by the court. The defendant appeals from the judgment.

*S. W. Button,* for the appellant.

For the respondent there was a brief by *Bleekman & Bloomingdale,* and oral argument by *A. E. Bleekman.* To the point that the notice was sufficient, they cited *Spellman v. Chicopee,* 131 Mass. 443; *Fopper v. Wheatland,* 59

Wis. 623, 628; *Teegarden v. Caledonia*, 50 id. 292; *Wall v. Highland*, 72 id. 435; *Wieting v. Millston*, 77 id. 523; *Tuttle v. Winchester*, 50 Conn. 497; *Welch v. Gardner*, 133 Mass. 529.

LYON, C. J.   The right of action in cases of this class is given by sec. 1339, R. S., and is entirely a statutory right. Being so, it is competent for the legislature to impose any restrictions it chooses upon the right.   *McLimans v. Lancaster*, 63 Wis. 596.   It has imposed two such restrictions. One of these is contained in ch. 454, Laws of 1885 (S. & B. Ann. Stats. sec. 1339*a*), which limits a recovery in an action of this class to $5,000.   The other restriction is found in the section which gives the right of action (sec. 1339), and is as follows: "No such action shall be maintained against any county, town, city, or village, unless, within ninety days after the happening of the event causing such damage, notice in writing, signed by the party, his agent, or attorney, shall be given to the county clerk of the county, a supervisor of the town, one of the trustees of the village, or mayor or city clerk of the city, against which damages are claimed, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed of such county, town, city, or village."

The giving of the required notice is a condition precedent to the right to maintain the action, and must be averred in the complaint, and (if controverted) must be proved on the trial.   Without such averment the complaint does not state facts sufficient to constitute a cause of action and is demurrable for that reason.   *Susenguth v. Rantoul*, 48 Wis. 334; *Plum v. Fond du Lac*, 51 Wis. 393; *Wentworth v. Summit*, 60 Wis. 281; *Dorsey v. Racine*, 60 Wis. 292; *Hiner v. Fond du Lac*, 71 Wis. 74.   In this case the allegation that the required notice was given is denied in the answer, and the

Sowle vs. The City of Tomah.

burden is upon plaintiff to show a compliance by him with the requirements of the statute. Has he shown such compliance?

The statute requires the notice to state, among other things, "the place where the damage occurred." The notice herein locates such place on Washington street, within the corporate limits of the defendant city, "between blocks three and twenty-five of Railroad .addition to the village (now city) of *Tomah*." There is nothing else in the notice which gives any information of the place of injury. It appears that there is no block 3 in such addition to *Tomah*. Hence one of the designated points between which the injury was received fails, and the notice gives no *data* by which such place can be determined. Such addition contains thirteen blocks, five of which (excluding block 25) abut Washington street. The notice served contains nothing from which it can be determined which of the five blocks abutting Washington street was intended by the erroneous designation of block 3. It only informs us that the accident occurred on Washington street, within the Railroad addition. We are not advised of the length of that street within those limits, but it is abutted on one side by three blocks containing nineteen lots, and the blocks are separated by two streets. There is no escape from the conclusion that the notice does not state with reasonable certainty the place where the alleged damage occurred, and hence that it is not a compliance with the requirement of the statute in that behalf. See *Weber v. Greenfield*, 74 Wis. 234. Were there any other description in the notice which would aid in locating the place of injury, it might be sufficient, notwithstanding the defective description thereof. Such was the case in *Fopper v. Wheatland*, 59 Wis. 623, where, because there was one correct description of the place of injury, we were able to apply the maxim that a false description does not vitiate if the thing intended has once been

sufficiently described. *Falsa demonstratio non nocet*, etc. Other cases cited present the same characteristics. But we have no case here for the application of the maxim.

It is quite immaterial that some of the city officers were at the place of injury immediately after the accident, and knew precisely where it occurred. The statute does not provide that such knowledge or any other extraneous circumstance will dispense with the necessity of giving the prescribed notice. That must be given in every case coming within the terms of the statute, or the right of action is gone.

We perceive no escape from the conclusion that the plaintiff failed to prove a cause of action, and hence that a new trial should have been granted for that reason if for no other.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.