ERON, Administrator, Respondent, vs. THE TOWN OF STE-
VENS POINT, Appellant.

*May 8 — May 23, 1893.*

*Towns: Failure to file claim before action brought: Matter in bar: Issue
raised by general denial.*

Failure to file with the town clerk, as required by sec. 824, R. S., a
statement of the claim upon which an action against the town is
based, is a matter in bar of the action, and not in abatement merely;
and when such filing is alleged in the complaint it is put in issue
by a general denial.

APPEAL from the Circuit Court for *Portage* County.

The complaint alleges, in effect, that Adolph Belka died
intestate, October 22, 1889; that the plaintiff was, upon
due application, appointed administrator of his estate, De-
cember 3, 1889, and qualified as such; that October. 22,
1889, there was a certain public highway in the defendant
town leading from Stevens Point first in a northwesterly
direction and then in a westerly direction, as described,
and which highway had been duly laid out and traveled
and worked for more than ten years prior thereto; that
at a point in said highway thirty rods west of where
the same crosses Mill creek in said town there is a
large stump standing within the limits of said highway,
and near and adjacent to the traveled part thereof, and
so near to such traveled part that in order to pass said
stump there is a crook or turn in the traveled track of said
highway opposite said stump, which stump constitutes a
defect in said highway, and which defect had existed therein
for a long time prior to said last-named date, and which
defect was well known to the officers of the defendant;
that October 22, 1889, the said Belka was riding in a lum-
ber wagon drawn by a pair of horses then being driven by
him in a careful and prudent manner, and lawfully travel-

ing upon said highway, when his horses, without any fault. or neglect upon his part, shied slightly to the left, thereby causing the wheels of the wagon to strike said stump, and thereby the said Belka was thrown out of said wagon violently to the ground, whereby he received great and severe injuries which caused his death within a few hours thereafter; that said death was caused wholly by the neglect of the defendant in not keeping said highway in a good and safe condition, and by reason thereof, and without any negligence or fault upon the part of said Belka; that January 7, 1890, a notice in writing, signed by the plaintiff's attorney, was duly served upon the supervisors of said town of said defect, as required by statute; that March 25, 1890, a statement of said claim was duly filed with the town clerk of said town, to be laid before the town board of audit, as required by statute; that more than ten days had elapsed since the annual town meeting after such filing of said claim and prior to the commencement of this action, and that the defendant wholly refused to settle with the plaintiff for said claim; wherefore he prayed judgment, etc. The answer admits that the defendant is a municipal corporation as set forth in the complaint, and, except as thus admitted, denies each and every allegation in the complaint.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,500. From the judgment entered upon said verdict in favor of the plaintiff, the defendant appeals.

The cause was submitted for the appellant on the brief of *Raymond, Lamoreux & Park*, and for the respondent on that of *Cate, Jones & Sanborn*.

To the point that the filing of the claim as alleged in the complaint was not put in issue by the general denial, counsel for the respondent cited secs. 2653, 2654, R. S.; *Sanford v. McCreedy*, 28 Wis. 103; *Ewen v. C. & N. W. R. Co.* 38

id. 627, 628; *Dutcher v. Dutcher*, 39 id. 660, 661; *Plath v. Braunsdorff*, 40 id. 107; *Sheel v. Appleton*, 49 id. 125; *Jaquish v. Ithaca*, 36 id. 108; Gould, Pl. ch. 5, sec. 53.

CASSODAY, J.   Error is assigned because at the close of the testimony the court refused to grant the defendant's motion to direct a verdict in its favor on the ground that the evidence was insufficient to establish a cause of action against the town.   Error is also assigned because, upon the rendition of the verdict and before judgment, the court refused to grant the defendant's motion to set aside the verdict and grant a new trial for the reason, among others, that there was no proof in the case, and that no evidence had been offered, " tending to show that any bill or statement of the claim or demand of the plaintiff was ever filed with the town clerk of the defendant town, to be laid before the town board of audit, as required by sec. 824, R. S." It is conceded that no such proof was made in the case, but it is contended that because the complaint alleges the filing of such statement, and the same is not specifically denied, the defendant must, under the statute, " be deemed to have waived the same."   Sec. 2654, R. S.   In other words, counsel contend that the failure to file such statement was at most matter in abatement, and hence was not put in issue by the general denial contained in the answer, and that the same could only be put in issue by special denial or plea.   That such is the rule as to matters merely in abatement seems to be firmly sanctioned by the decisions of this court cited by counsel for the plaintiff.   But under another line of decisions of this court we are forced to hold that the filing of such statement is not a matter merely in abatement, but a matter in bar.   The section of the statute last cited, and relied upon by counsel, in effect declares that " the defendant shall be deemed to have waived " any objection to certain matters in abatement, unless " taken

either by demurrer or answer," and expressly excepts therefrom " the objection that the complaint does not state facts sufficient to constitute a cause of action." This court has frequently held that a complaint in a case like this does not state facts sufficient to constitute a cause of action if it omits to allege the filing of such statement. *Benware v. Pine Valley*, 53 Wis. 527; *Chicago & N. W. R. Co. v. Langlade*, 55 Wis. 117; *Wentworth v. Summit*, 60 Wis. 281; *Watson v. Appleton*, 62 Wis. 267; *Koch v. Ashland*, 83 Wis. 361. Some of these cases went to the extent of holding that the omission to allege such filing in the complaint rendered the same bad on demurrer *ore tenus*. This could only be on the theory that such filing is essential to the cause of action, and a condition precedent to the right to maintain the same. *Welsh v. Argyle, ante*, p. 307. We must hold that the general denial put in issue the allegation of the complaint of the filing of such statement. Being thus put in issue, the burden of proving the same was on the plaintiff. Having failed to make such proof, the verdict should have been set aside.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.