Conrad vs. The Town of Ellington.

Conrad, Respondent, vs. The Town of Ellington, Appellant.

*September 30 — October 20, 1899.*

*Highways: Injuries from defects: Damages limited to amount named in claim: Evidence: Court and jury: Instructions: Proximate cause: Contributory negligence: Burden of proof.*

1. Under sec. 824, Stats. 1898 (providing that "no action upon any claim or cause of action for which a money judgment only is demandable . . . shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit"), the damages recoverable in an action against a town for personal injuries are limited to the amount named in the claim filed.

2. In an action to recover for injuries alleged to have been caused by defects in a corduroy road, evidence of a medical expert that such an accident as plaintiff claimed to have suffered *might* produce such an injury as that received by him, and that plaintiff's injuries incapacitated him to the extent of about two thirds, although somewhat conjectural, is *held* not to constitute material error.

3. It was not error in such a case to permit proof of the generally bad condition of the corduroy road at and in the vicinity of the place in question two days before the accident. *Olson v. Luck,* 103 Wis. 33, distinguished.

4. In an action to recover for personal injuries, remarks of the trial judge to the effect that he did not think there was any negligence in the conduct of plaintiff up to the time the doctor was called in, that the doctor got to his home at about the same time he did, and that negligence could not be predicated on that as a matter of law,— such remarks referring merely to the matter of promptly calling a physician, and there being no dispute as to that fact,— are *held* not error.

5. In an action for injuries alleged to have been caused by a defect in a highway, defendant claimed that such defect was caused by a sudden and heavy rainfall the night before the accident. One of the questions in the special verdict was, "Was such defective condition of the highway the proximate cause of the plaintiff's injury?" In submitting this question the court instructed the jury as to the meaning of "proximate cause," but did not specifically require them to find whether the condition of the highway prior

Conrad vs. The Town of Ellington.

to said rainfall was the proximate cause of the injury. *Held*, not misleading, in view of other full instructions on that subject.

6. The burden of showing contributory negligence in such a case is upon the defendant, except when such negligence is disclosed by the testimony on the part of the plaintiff.

7. The question of plaintiff's contributory negligence is *held* to have been properly submitted to the jury, notwithstanding the sudden and heavy rainfall the night before the accident.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed in part; reversed in part.*

*John Bottensek*, attorney, and *Humphrey Pierce*, of counsel, for the appellant.

For the respondent there was a brief by *Roemer & Spencer*, and oral argument by *A. M. Spencer.*

CASSODAY, C. J. This action was commenced August 26, 1897, to recover damages for personal injuries sustained by the plaintiff June 21, 1896, about noon, by reason of an alleged defective highway, consisting of a hole or depression in the traveled portion thereof at the place described. Issue being joined and trial had, at the close thereof the jury returned a special verdict to the effect: (1) that the plaintiff was injured by being thrown from a wagon at the time and place described; (2) that the highway at that place was in a defective condition for travel upon and over the same; (3) that said highway, on the evening before, was not in a reasonably safe condition for the travel passing over it; (4) that such defective condition of said highway at the time and place named was not caused by an unusual or extraordinary rainfall occurring during the night before the accident; (5) that the defendant did not have actual notice of such defect in time to have the same repaired before the accident; (6) but that such defect had existed for such a length of time before the accident that the defendant, in the exercise of ordinary care and diligence, would have known of such de-

fect and repaired the same; (7) that such defective condition of the highway was the proximate cause of the plaintiff's injuries; (8) that there was no want of ordinary care on the part of the plaintiff at the time of the accident which contributed to the injuries he received; (9) that the plaintiff sustained damages to the amount of $2,600. From the judgment entered thereon in favor of the plaintiff for that amount the defendant brings this appeal.

1. The plaintiff was injured June 21, 1896. On July 25, 1896, the plaintiff presented his claim against the town, and filed the same with the clerk, wherein he claimed that the defendant was liable in damages to him in the sum of $1,000, and the original complaint only demanded judgment for that amount. Afterwards, and on November 28, 1898, at the beginning of the second trial, the plaintiff was allowed, against objection, to amend his complaint, and increase his prayer for judgment to $5,000; and, as indicated, the jury assessed his damages at $2,600, and judgment was entered for that amount. With certain exceptions, the statute declares that "No action upon any claim or cause of action for which a money judgment only is demandable . . . shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit." Sec. 824, Stats. 1898. The filing of such statement or bill of such claim was essential to the maintenance of the action, and a failure to allege the same in the complaint would have been fatal on demurrer. *Benware v. Pine Valley*, 53 Wis. 527; *Eron v. Stevens Point*, 85 Wis. 379; *McKibben v. Amory*, 89 Wis. 607; *Flieth v. Wausau*, 93 Wis. 446. The "statement or bill" so required to be filed to be laid before the town board of audit necessarily included the amount of such claim. No such statement or bill was ever filed as to any claim in excess of $1,000. To allow the original complaint, fifteen months after its service, to be thus amended by increasing

Conrad vs. The Town of Ellington.

the claim for damages, as stated, was, in our judgment, un-
authorized.   The court's attention was again called to the
subject by an instruction requested to limit the damages to
the amount named in the claim filed.   In support of the
ruling of the trial court, counsel rely upon *Reed v. New
York*, 97 N. Y. 620, where it was held that an estimate of
the damages was not an essential part of the claim, and
hence the complaint might be amended by increasing the
amount of such claim.   But it was under a statute declaring
that "No action shall be maintained against the mayor,"
etc., "unless the claim on which the action is brought has
been presented to the comptroller and he has neglected for
thirty days after such presentment to pay the same."   The
difference between the two statutes is radical, and the case
is not an authority to be followed under our statute quoted.

2. Error is assigned because one of the plaintiff's medical
experts was allowed to testify to the effect that a man riding
along over a corduroy road on a wagon with four wheels,
and pitched out over the wheel into a hole, striking his
shoulder onto the logs, *might* produce such an injury as that
received by the plaintiff; that the injuries received by the
plaintiff incapacitated him to the extent of about two thirds,—
that is to say, he was only capable of performing one third
as much manual labor as before the accident.   True, such
evidence was somewhat conjectural, but its only bearing
was upon the question of damages, and, in view of what has
already been said, we must hold that it is an error which
does not affect any substantial right of the defendant, and
therefore is not reversible error.   Sec. 2829, Stats. 1898.

3. Error is assigned because one of the witnesses for the
plaintiff, after having testified without objection that the
plaintiff had, two weeks before the trial, pointed out to him
the place where he claimed he got hurt, and that he passed
over the road two days prior to the accident in question,
and that he then noticed something unusual in that road

within four or five rods of the place where the plaintiff got hurt, was allowed to testify to the effect that he observed only one bad place within four or five rods from the place where the plaintiff said he got hurt,— either way; that he was glad to get through, and did not calculate to go back, and never looked back; that his horse sank down; that he called "Whoa;" that the horse then crawled out; that the front wheels got in there, and he and his wife fell to the dashboard, and then immediately went over back. The only objection made to such testimony is that the witness did not definitely fix the spot where it occurred; that the place where it occurred was left, by the witness, too indefinite. We cannot hold that it was error to prove the general bad condition at and in the vicinity of the place in question of this corduroy road two days before the accident. *Shaw v. Sun Prairie,* 74 Wis. 105; *Barrett v. Hammond,* 87 Wis. 654. The case does not come within the ruling in the case of *Olson v. Luck,* 103 Wis. 33. Of course, the heavy rainfall the night before the accident made the road very much worse.

4. Error is assigned because, after one of the defendant's experts had been asked as to whether, in case of fractures of the bones of the shoulders and legs, people were not more or less crippled, the judge of the court remarked that he did not think there was any negligence in the conduct of the plaintiff up to the time the doctor was called in, that the doctor got to his home at about the same time that he did, and that he did not think any negligence could be predicated on that as a matter of law. We perceive no error in such remark in respect to a question of fact about which there was no dispute.

5. Error is assigned because the court, among other things, instructed the jury upon the seventh question submitted to the effect that most men would say that the word proximate meant whether it was the direct and immediate cause

of the injury or not, but that it means more than that in the law; that it will be necessary for them to find that in order to answer that question "Yes," it must appear from the evidence that the injury which the plaintiff received was the natural and probable consequence of the negligence or wrongful act of the defendant, and that it ought to have been foreseen in the light of attending circumstances; that it means that the injury which the plaintiff received was the natural and probable cause of the defect existing in the highway, and that the town ought to have foreseen that such was or might be the result of the defect. While a portion of such instruction is not in strict harmony with what has so frequently been declared by this court to be the rule, yet, in view of the whole charge, we do not think it was misleading. The defendant's principal defense was that the defect in the highway was caused by the sudden and heavy rainfall the night before the accident, and hence that the defendant should be relieved from liability. *Allen v. Chippewa Falls,* 52 Wis. 430. The court had already fully instructed the jury on that subject, and we cannot believe that the jury was misled on the question of proximate cause.

6. Error is assigned because the court refused to give an instruction requested upon the subject of contributory negligence in connection with the eighth question submitted. What was contained in the instruction was fully covered by the general charge, unless it was the portion which states that the plaintiff must show himself without negligence. That would have been equivalent to saying that the plaintiff had the burden of proving that he was free from contributory negligence. This court has frequently held that the burden of proving contributory negligence is ordinarily upon the defendant. An exception to such rule is when such contributory negligence is disclosed by the testimony on the part of the plaintiff. *Hoye v. C. & N. W. R. Co.* 67 Wis. 15,

Chicago & Northwestern R. Co. vs. Langlade County and another.

and cases there cited; *Thoresen v. La Crosse City R. Co.* 94 Wis. 133.    There was no error in refusing such instruction. The trial court was clearly justified in submitting the question of contributory negligence to the jury, notwithstanding the sudden and heavy rainfall.   *Jung v. Stevens Point*, 74 Wis. 547; *Wiltse v. Tilden*, 77 Wis. 152.

We find no error in the record, except as to the amount of damages allowed in excess of the amount named in the claim filed.

*By the Court.*— So much of the judgment as is based upon a verdict in excess of $1,000 is reversed, with costs and disbursements, except that the defendant is not to be allowed for printing more than twenty-five pages; and the judgment in all other respects is affirmed.