McKeague vs. The City of Green Bay.

---

McKEAGUE, Respondent, vs. THE CITY OF GREEN BAY, Appellant.

*April 6 — April 27, 1900.*

| 106 | 577 |
| 107 | 565 |
| 106 | 577 |
| 113 | 70 |
| 113 | 515 |

*Municipal corporations: Injury from defective sidewalk: Notice, on whose behalf given? Husband and wife.*

Where several and distinct claims for damages may be based upon an injury caused by a defect in a street, the notice given under sec. 1339, Stats. 1898, must show, in order to support an action, that it was given on behalf of the plaintiff. So *held* in an action by a husband for loss of his wife's services, where the only notice of her injury stated that *she* would claim satisfaction, and did not show that she was a married woman, that her husband had sustained any damage, or that he was intending to prosecute therefor. *Parish v. Eden,* 62 Wis. 272, and *Reed v. Madison,* 83 Wis. 171, so far as they are in conflict with the foregoing, overruled. CASSODAY, C. J., concurring in the decision, is of the opinion that neither of said cases need be overruled.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Action to recover damages for loss of services of plaintiff's wife. The complaint sets out that plaintiff's wife met with an accident on May 30, 1894, while passing along a sidewalk in the city, caused by its defective condition. A notice, which was set out in full, was served on the city on Au-

gust 25, 1894. It is with reference to the sufficiency of this notice that the chief controversy arises. The notice was directed to the common council of the city of *Green Bay.* So far as is necessary to raise the questions here involved, the notice was as follows:

"Take notice that Anna McKeague, of the city of *Green Bay*, was, on the 30th day of May, 1894, injured while walking along and upon the sidewalk." Here follows a description of the place of the accident, the defects in the sidewalk, and the injuries sustained by her. It concludes as follows: "That said Anna McKeague has, by reason of said injuries, suffered great mental and bodily pain, and still continues to so suffer. That she shall claim satisfaction for such injuries so sustained and occasioned from said city of *Green Bay.*

"WIGMAN & MARTIN,

"Attorneys for said Anna McKeague."

A demurrer to the complaint was interposed and overruled. The city then answered by general denial. At the trial the defendant objected to the introduction of any evidence under the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled. The defendant also objected to the notice in question being offered in evidence, which was overruled. Plaintiff offered evidence tending to support the cause of action stated in the complaint. A motion for a nonsuit was denied. Defendant offered no testimony. The jury brought in a verdict for $853 damages. A judgment was entered for plaintiff, from which the defendant has appealed.

*Sol. P. Huntington,* for the appellant.

For the respondent there was a brief by *Wigman, Martin & Martin,* and oral argument by *P. H. Martin.*

BARDEEN, J. The sole question arising upon this appeal is whether the notice put in evidence was sufficient under sec. 1339, R. S. 1878. That section provides that, if dam-

age shall happen to any person by reason of the insufficiency or want of repairs of any street, the injured party shall have a cause of action against the municipality charged with the duty of keeping it in repair. It also distinctly provides that: "No such action shall be maintained against any . . . city . . . unless within ninety days after the happening of the event causing such damage, notice in writing, signed by the party, his agent or attorney, shall be given the . . . mayor or city clerk of the city against which damages are claimed, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed of such . . . city."

Plaintiff's right of action was a creature of the statute; hence the legislature has the right to annex such conditions to its enforcement as they might think proper. *Daniels v. Racine*, 98 Wis. 649. These conditions are: (1) Notice in writing; (2) it shall be signed by the party, his agent or attorney, and shall be given the mayor or city clerk; (3) the place of the accident shall be stated; (4) the insufficiency complained of shall be described; (5) it shall state that satisfaction for such injury is claimed. Admitting the right of the legislature to prescribe these conditions, the courts have no right to dispense with their performance. They are in the nature of conditions precedent to the right of the injured party to maintain an action.

Testing the notice in question by the requirements of the statute, we find it wanting in several important particulars. It is not, and does not purport in any respect to be, a notice for or in behalf of the plaintiff. Neither the plaintiff nor his alleged cause of action is even *remotely* referred to therein. So far as can be ascertained therefrom, it is a notice given by a stranger of a claim in her own right, and for which *she* was claiming satisfaction. By no possible stretch of judicial construction are we able to say from this notice

that the claimant was a married woman, that her husband had sustained any damage, or that he was intending to prosecute therefor. The notice expressly limits the claim for satisfaction to such injuries as the claimant herself had sustained. It is quite within the possibilities that, had the city been advised that the claimant was a married woman and that her husband would also seek compensation for his damages, it might have sought to have settled and compromised both claims. But there is not a syllable or a word in the notice to apprise the city authorities of any such other or additional claim. There is no room for construction or inference. The notice utterly fails to come up to the statutory-demands, and the demurrer to the complaint should have been sustained. *Sargent v. Gilford*, 66 N. H. 543, is a case quite similar to the one under consideration, in which it was held that the filing of a statement by the wife did not fulfill the statutory requirement as to her husband. In reaching this result we believe we have but recognized the plain and unambiguous terms of the statute, and have only given effect to the clearly expressed will of the legislature.

We regret to say, however, that there are one or two decisions of this court which give countenance to the result arrived at by the court below. It was in the endeavor to follow in the line of these cases that the trial court was led into error. The first of these cases is *Parish v. Eden*, 62 Wis. 272. The action was by the father, as administrator, to recover, for the benefit of himself and wife, for injuries resulting in the death of their minor son. The notice given by the father was in full compliance with the statute, except that the mother did not join therein. It was held that, as the damages went to the father and mother jointly, a notice given by either the administrator or one of the joint beneficiaries was sufficient under the statute. The case did not attempt to establish a rule applicable to a case where the same accident caused injuries in which the damages, as

McKeague vs. The City of Green Bay.

in this case, were necessarily several and distinct. The other case relied upon is *Reed v. Madison*, 83 Wis. 171, a case somewhat unique in its facts and in the conclusions arrived at. The action was to recover damages for an accident to plaintiff, which happened September 11, 1878, by reason of a defective sidewalk. At the time of the accident plaintiff was about seven years of age. At that time there was no statute requiring notice. Sec. 1339 went into effect November 1, 1878, leaving fifty days in which notice could have been given. On October 11, 1878, the plaintiff's father commenced an action to recover his damages for the injury to his child, and served a summons and complaint upon the proper city officers. No notice of any kind was ever served for or on behalf of the child. It was conceded that the statute requiring notice was applicable to the case. The conclusion arrived at by the court was that the father was the natural guardian of the child, and as such could give the notice in her behalf; that the service of the complaint in the father's action was a sufficient notice to the city under the statute, and which inured to the benefit of the daughter. The opinion quotes with apparent approval the following language from *Parish v. Eden:* "Such a notice informs the town of the location and nature of the alleged defect in the highway. *This is all the statute requires.*" This view of the statute is altogether too limited. The court had no right to say that definite requirements of the statute could be omitted and the right given still be preserved. The right given to prosecute for damages was given to be executed and enforced according to certain prescribed conditions. Those conditions are deemed important because the legislature has seen fit to make them such. A new right was created, to be enforced only as those conditions were observed. The requirement that the notice shall be in writing, signed by the party, his agent or attorney, is just as positive as that the notice shall state the location and nature of the de-

McKeague vs. The City of Green Bay.

fect complained of. If the court may dispense with one, it may with other requirements. No one would have the hardihood to claim that the court might dispense with the notice altogether. Having prescribed in definite terms the conditions upon which the right given may be pursued and enforced, it is no hardship to require a substantial compliance therewith. Except in the *Reed Case*, and possibly in the one above mentioned, it is believed that this court has consistently held to that rule. These notices are not to be construed with technical strictness, but enough must appear to show that they were intended as a basis for a claim against the city, and that they were given on behalf of the person who brings the suit. This is the rule in Massachusetts, from which our statute is said to have been taken, and is laid down in a very late case. *Driscoll v. Fall River*, 163 Mass. 105. Hence it appears both in the *Reed Case* and in the case at bar that the notices under which it is sought to support the action did not purport in any way to be given as a basis for the claims sought to be enforced, nor were they given in behalf of the persons bringing the suits. The omission of these requisites was a failure to meet the calls of the statute, and hence the cause of action never ripened. Any other conclusion would read from the statute plain and unequivocal language.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

CASSODAY, C. J. I concur in the reversal of the judgment in this case. Under our statute the right of action in favor of the plaintiff's wife was separate from the cause of action in favor of the plaintiff. *Shanahan v. Madison*, 57 Wis. 276; *McLimans v. Lancaster*, 63 Wis. 599, 600. That being so, the plaintiff, as well as his wife, was required to serve the requisite notice in order to preserve his right of action. But, to my mind, it does not follow that *Parish v. Eden*, 62

Wis. 272, or *Reed v. Madison*, 83 Wis. 171, should be over-ruled. In the *Parish Case* the action by the administrator for the death of the nine year old boy was for the benefit of the father and mother of the boy, who were the real parties to the action, though not named as such. *Strong v. Stevens Point*, 62 Wis. 255. This being so, it was held that the notice signed by the father, though not by the mother, was sufficient for both, as there was but one cause of action. The doubt expressed in that case as to whether the statute requiring such notice was applicable was approved in *McKeigue v. Janesville*, 68 Wis. 50.

In the *Reed Case* the little girl who was injured was less than eight years of age, and, of course, incapable of serving the notice. A month after she was injured her father commenced an action against the city to recover damages for the care and expenses on account of her injury and sickness and for the loss of her services. In that action the complaint alleged all the facts in respect to the defect in the sidewalk and all the facts in respect to her injury which would have been essential to her recovery. This court held that the complaint in that action by the father and natural guardian of the child was sufficient notice to the city to preserve the right of action in the child. As the only objects of the statute requiring such notice were to enable the city to investigate the facts in respect to the alleged defect in the sidewalk, and also to enable the city to settle for and compromise the damages for the injury, such objects were satisfied by the service of such complaint by the little girl's natural guardian. To have held otherwise, it seemed to the court as then constituted, would be the giving of more importance to form than to substance. Such construction of the statute has existed unchallenged for many years, and, presumably, has during that time been acted upon throughout the state. Assuming that such construction was strained and a departure from the strict letter of the statute, still,

under recent decisions of this court, such construction should not be overruled (*State ex rel. Heiden v. Ryan*, 99 Wis. 127; *Eau Claire Nat. Bank v. Benson, post,* p. 624); especially in a case where the facts are so widely different as in the case at bar. But the overruling of the cases mentioned naturally suggests to the legislature whether such strict construction should be applicable to persons incapable of acting for themselves, and hence dependent entirely upon the voluntary action of some one in their behalf.