HOGAN, Respondent, vs. CITY OF BELOIT, Appellant.

*September 23—October 18, 1921.*

*Municipal corporations: Notice of injury on defective street: Sufficiency: Amendment: Necessity: City repairing street: Defective condition: Pleading: Effect of demurrer: Conclusions in complaint.*

1. A right of action against a municipal corporation for injuries from a defect in a city street being purely statutory, the conditions imposed thereby are precedent to a right of action, and failure to give the notice of the injury required by the statute is fatal.

2. Where a complaint against a city set forth *in hæc verba* the notice which was given, allegations as to its nature and contents would be inadmissible, and any conclusion of law or construction placed upon the notice is not admitted by a demurrer.

3. A notice to a city that plaintiff, on a stated date and on a designated street, caught her foot on an obstruction and fell, breaking her wrist, that a doctor had set it, and "will advise you later as to expense," signed by plaintiff's son, did not state "that satisfaction therefor is claimed of such city," as required by sec. 1339, Stats., and was insufficient.

4. A notice which did not state the facts required by sec. 1339 could not be regarded as sufficient on the ground that such notice was given as would enable the city by investigation to discover all the facts.

5. Failure of the notice to state that satisfaction for the injury was claimed from the city was not an inaccuracy as to time, place, insufficiency, or want of repairs to be disregarded under the proviso of sec. 1339 relating to notice.

6. There was no waiver by or estoppel of the city as to the sufficiency of the notice because the claim was drawn by the city engineer at the instance of claimant's son, the act of the engineer not being in performance of any duty owing to the city.

7. Such notice is not a pleading or proceeding in an action within sec. 2829, Stats., authorizing disregard of error therein not affecting substantial rights, the notice being a condition precedent to the action.

8. A city in repairing a street acts in a governmental capacity, and there is no common-law liability for negligence, as in case of active independent negligence or trespass, which might dispense with the notice of claim for injuries from negligent conduct in making the repairs required by sec. 1339.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint.

*R. A. Edgar* of Beloit, for the appellant.

For the respondent there was a brief by *Michael Levin* and *Julius E. Kiefer,* attorneys, both of Milwaukee, and *H. W. Adams* of Beloit, of counsel, and a separate brief by *Michael Levin,* attorney, and *H. W. Adams,* of counsel; and the cause was argued orally by *Mr. Levin.*

JONES, J. The complaint alleges that the plaintiff, on or about the night of October 18, 1919, while walking along the sidewalk of a well-traveled street, stumbled and fell over a barrier several inches high which the defendant, city of *Beloit,* had placed there to protect some freshly-laid concrete, and the presence of which had not been shown by lanterns or other guards. The amount of damages claimed was

$10,000. The other parts of the complaint which raise the questions necessary for consideration are as follows:

"That on the 21st day of October, 1919, and within fifteen (15) days after the happening of said injury above alleged, plaintiff caused to be given and served upon the defendant, through its city engineer, who is also chairman of the board of public works, in charge of said street and sidewalk and work, and also by causing the same to be given to each member of the council and the mayor, and having the same delivered to the city clerk on said date, and read by the said city clerk in the presence of each alderman and the mayor, a notice, in writing, stating therein the place where such damage occurred, substantially as above alleged, and describing, generally, the insufficiency and want of repair which occasioned the injury above alleged, the injury received by the plaintiff, and that satisfaction therefor was claimed by her, a copy of which notice is hereto attached, marked 'Exhibit A,' and made a part of this complaint; that said notice was drawn up at the instance and request of plaintiff by the said city engineer of the city on said date, to whom was given all the facts in detail with reference to said injury, and said notice was drawn by him, and that said city engineer informed the plaintiff, through her agents, that said notice would be sufficient, and at once caused the same to be delivered to the proper city officials, who had the same read at the council meeting on said night."

The notice annexed to the complaint was as follows:

"*Mrs. Nellie Hogan,* aged 60, 227½ E. Middle, on Sat. Oct. 18, 1919, walking on west side of Fourth at Merrill, caught her foot on a 2-inch plank laid across walk and fell, breaking bone in left wrist. Dr. Anderson set bone. Will advise you later as to expense.          OLAF HOGAN,
                              "227½ E. Middle."

Olaf Hogan was the son of the plaintiff and the writing was drawn at his request by the city engineer, who caused it to be delivered to the mayor.

The defendant demurred and in support of the demurrer argued that the notice was not within sec. 1339, Stats., which

provides, in part, that the notice shall be "signed by the party, his agent or attorney," and that it shall state "that satisfaction therefor is claimed of such . . . city."

Counsel for the plaintiff contends that there has been a substantial compliance with the purpose of the statute. He also claims that irrespective of the statute he has a cause of action, since the city undertook the repair of the sidewalk and negligently left an obstruction, and as a result of such negligence the plaintiff sustained the injury alleged.

At common law travelers had no cause of action for injuries caused by insufficiency or want of repair of highways. The right to maintain such actions is purely statutory. In granting the right the legislature may impose such conditions as it may see fit, and a substantial compliance with those conditions is a condition precedent to recovery.

This is a rule often declared by this court, from which the other rule follows that if the complaint fails to state such compliance it is demurrable. Since one of the conditions imposed by the statute conferring the right is that a written notice be given, the failure to allege such notice is a fatal defect. *McKeague v. Green Bay,* 106 Wis. 577, 82 N. W. 708; *Benware v. Pine Valley,* 53 Wis. 527, 10 N. W. 695; *Wentworth v. Summit,* 60 Wis. 281, 19 N. W. 97; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553.

In this instance the notice of the injury is set forth *in hæc verba,* and allegations in the complaint describing its contents or nature would be immaterial.

"A demurrer does not confess or admit a conclusion of law deduced by either party from the facts pleaded; neither does it admit any construction placed by him on any instrument pleaded and set forth in the complaint, or facts impossible in law." 21 Ruling Case Law, p. 508.

One important condition imposed by the statute is that the notice must show that satisfaction for the injury is claimed of the municipality. Numerous decisions of this

court have held the obvious rule that this is an essential requirement of the statute.

One of the questions presented is whether the written notice given in this case satisfies this clause of the statute. Plainly there is no express statement that satisfaction will be claimed by *Nellie Hogan* or any one else. Information is given of the time and place of an accident, of an injury and attendance by a physician, Dr. Anderson, and the statement is added, "Will advise you later as to expense." The notice is addressed to no one. It is not signed by the person injured or by any one described as her agent or attorney. It is true that the city authorities might have indulged in speculation or drawn the inference that Olaf Hogan was the agent of *Mrs. Hogan* and that she intended to file a claim against the city, but there is certainly no claim for satisfaction for the injury. Construed most favorably for the plaintiff, it is only a notice that a specified injury had happened to her in the city on a sidewalk which was defective; that she had had medical attendance; and that she would in the future give information as to expense. While this informed the city officials of the accident and injury, it fell far short of notice that *Nellie Hogan* intended to bring suit against the city for $10,000, or any other amount, unless compensated.

There is a very material difference between a casual notice in writing that an injury has been sustained by reason of a defective street and that expense has been incurred or will be incurred and a notice which makes a claim that satisfaction is demanded. In the former case the vital part of the statutory requirement is omitted. In the latter case the officials of the city are put upon notice not only that there is a defective street but that a claim is asserted which may result in heavy loss to the city.

It is argued by counsel for plaintiff that such notice was given to the city that its officers could by investigation have

ascertained all the facts. But it is not the only purpose of the statute to bring notice to the municipality that an injury has happened on a ·defective highway at a given time and place. This was illustrated in the case of *McKeague v. Green Bay,* 106 Wis. 577, 82 N. W. 708. In that case a formal notice in due form was given by a wife. The action. for the injury was brought by her husband, and it was held · that the notice did not satisfy the statute because not given by the plaintiff himself, claiming satisfaction for the injury.

Other cases holding that there must be a substantial compliance with the statute are *Weber v. Greenfield,* 74 Wis. 234, 42 N. W. 101 ; *Sowle v. Tomah,* 81 Wis. 349, 51 N. W. 571 ; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553 ; *Benson v. Madison,* 101 Wis. 312, 77 N. W. 161.

It is argued by counsel for plaintiff that they are aided by the provision in the statute that "No notice given hereunder shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the time, de-. scribing the place or the insufficiency or want of repairs which caused the damage for which satisfaction is claimed, provided it shall appear that there was no intention on the part of the person giving such notice to mislead the other party and that such party was not in fact misled thereby ;" but it will be observed that the defect in the notice does not relate to the time, place, or insufficiency or. want of repairs. This provision in no way relieves the claimant from stating that satisfaction for the injury is claimed. As stated in *Uhlenberg v. Milwaukee G. L. Co.* 138 Wis. 148, 151, 119 N. W. 810:

"The fact that the statute has provided that certain requirements thereof are not essential to the validity of the notice, where no one is misled and there was no intent to mislead, would indicate that its other provisions must be substantially complied with."

Apart from this provision in the statute it seems to have been the legislative policy not to extend the privilege of

bringing actions under sec. 1339. In the Revised Statutes of 1849 and 1858 the right of action was not conditioned on notice. In the Revised Statutes of 1878 this was made a condition precedent. Since that time the ninety-day notice to cities has been cut down to fifteen days. It would of course be competent for the legislature to remove or change the condition imposed by the statute; but so long as the statute remains in force we do not deem it our duty to so construe it that its most essential requirements may be ignored. To give the statute the construction contended for by plaintiff's counsel would make almost any notice or memorandum suffice provided it could be shown by parol that the municipality had knowledge of the facts and had not been misled. This would be contrary to the rule which has long prevailed in this court. *Sowle v. Tomah,* 81 Wis. 349, 51 N. W. 571. We are convinced that for the reasons already stated the complaint was fatally defective.

It is urged by counsel for the defendant that the notice was also defective for the reason that it did not purport on its face to be signed by the plaintiff, her agent or attorney. In view of the conclusion we have reached it is not necessary to decide this question.

It is argued by plaintiff's counsel that the allegations of the complaint show a waiver and estoppel by defendant. It is plain that in preparing the notice the city engineer was acting on the request of the son of the plaintiff, and not as agent of the defendant. He was charged with no duty as city engineer or as chairman of the board of public works in respect to filing or considering claims of this character, and plainly had no authority by any such act or statement to waive the condition prescribed by the statute. Although it appears from the complaint that the notice was read in the presence of the mayor and aldermen it does not appear that any further action was taken in respect to it.

The notice simply brought to their attention the facts therein stated. Since it was not such notice as the statute

requires, their knowledge of the facts did not avail the plaintiff as a waiver of the condition precedent. *Sowle v. Tomah, supra; Dorsey v. Racine,* 60 Wis. 292, 18 N. W. 928.

With commendable industry counsel for both sides have cited many cases decided by this court and other courts bearing on the questions of waiver and estoppel. Many of the cases arose between individuals or between private corporations. In such cases the rules applicable may be quite different from those which govern when the acts of officers of municipal corporations are considered. Such officers are creatures of the law and their powers are strictly limited.

It suffices to say that in our opinion no action was taken by defendant which misled the plaintiff, and that there are no facts alleged in the complaint which show a waiver or which estop defendant from relying on the condition precedent created by the statute. Whether the city could waive the condition or be estopped by its acts from relying on it, need not be decided.

Plaintiff's counsel cite sec. 2829, Stats., which provides, "The court shall, at every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect," and claim that even if the notice was defective the court may disregard the defect. It seems a sufficient answer to this argument that the notice required by sec. 1339 is not a pleading or proceeding in an action within the meaning of sec. 2829. On the contrary, it is a condition precedent to the commencement of an action, and unless it is complied with, if the objection is properly raised, the action cannot be maintained.

The further claim is made by plaintiff's counsel that under the facts stated in the complaint, no notice whatever to the city was required, because the city itself by its negligence

created a condition which caused the injury, and that such active negligence was actionable independent of sec. 1339.

Counsel rely upon *Smith v. Milwaukee,* 18 Wis. 63, and *Milwaukee v. Davis,* 6 Wis. 377, and especially upon *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407. In the latter case it appeared that the plaintiff's horse became frightened at a large wooden roller in the street, whereby the injury to the plaintiff was caused. The case of *Little v. Madison,* 42 Wis. 643, where the city licensed a street exhibition of a bear, is also cited. Another case relied on is *Pettigrew v. Evansville,* 25 Wis. 223, where a municipality diverted water from a pond and discharged it upon the land of the plaintiff. The general subject is quite fully discussed in a later case, *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448, where the city so graded a street that earth was washed over the plaintiff's land.

These cases are easily distinguished from the one before us. They were for the most part cases where the municipality created a nuisance in the street or where an injury in the nature of trespass was caused. They are not cases in which the city, in the performance of a governmental duty to travelers, was performing a lawful act but in a negligent or improper manner. The true distinction is well pointed out in *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164. In that case the complaint alleged that the plaintiff was injured by falling into the manhole of a catch-basin, the cover of which was so improperly adjusted as to be dangerous. Other cases bearing on the question under discussion are *Evans v. Sheboygan,* 153 Wis. 287, 141 N. W. 265, and *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280.

It seems clear to us that in repairing the walk by putting in the two squares of concrete the city was acting in a governmental capacity and that no common-law liability is shown by the complaint.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to sustain the demurrer.