STONE, Respondent, vs. TOWN OF LANGLADE, Appellant.

*May 5—June 5, 1923.*

Highways: *Defective town highway: Injury to traveler: Filing claim against town as condition precedent to action: Jurisdiction of court.*

1. Under sec. 60.36, Stats., providing that no action shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit, and which statement (under sec. 60.33) shall be verified by affidavit, tort claims for damages should be considered by town boards the same as accounts, and hence, as a condition precedent to the commencement of an action for personal injuries from an automobile accident on a town highway, a verified statement of the claim must be filed with the town clerk.

2. In an action to recover for injuries sustained in an automobile accident on a highway of the defendant town, where a compliance with secs. 60.33 and 60.36, Stats., as to filing a verified claim or statement with the town clerk was a condition precedent ⁄to recovery, on failure of plaintiff to allege and prove compliance with the statute, objections to the complaint by demurrer *ore tenus,* then by motions for nonsuit, for directed verdict, and for judgment notwithstanding the verdict, were timely and should have been sustained.

APPEAL from a judgment of the municipal court of Langlade county: ARTHUR GOODRICK, Judge. *Reversed.*

This is an action to recover damages for personal injuries received by the plaintiff in an automobile accident on the highway of defendant town. The jury rendered a special verdict in which it found that the highway in question was insufficient; that the insufficiency was the proximate cause of the injury; that the officers of the town had knowledge of such insufficiency a sufficient length of time before the accident to have repaired the same; that no want of ordinary care on the part of the plaintiff contributed to the injury, but that want of ordinary care on the part of the driver did contribute to plaintiff's injury, and fixed the plaintiff's damages at $413.50. The defendant made the usual motions to

change the verdict; motion for judgment notwithstanding the verdict, and for a new trial, which the court denied and rendered judgment for the plaintiff. The defendant appeals and claims that it was entitled to judgment on the special verdict as a matter of law; that it appeared without contradiction that the plaintiff did not file a verified claim before the town board; that the demurrer *ore tenus* to the complaint should have been sustained, failing which a motion for a nonsuit should have been granted; and finally, direction of verdict and judgment upon the undisputed facts should have been rendered in favor of defendant; that the insufficiency of the highway was not the sole cause of the injury, and that therefore, upon the verdict, judgment should have been awarded to defendant.

The lower court held that the failure to file notice with the town clerk could only be raised by plea in abatement, and denied the defendant's motion to amend its answer to set up such failure as a defense.

For the appellant there were briefs by *Eberlein & Larson* of Shawano and *Avery & Plantz* of Antigo, and oral argument by *Charles H. Avery* and *M. G. Eberlein*.

For the respondent the cause was submitted on the brief of *Hay & White* of Antigo.

CROWNHART, J. We regret that we are unable to decide this case on the merits, but as we view the law the court had no jurisdiction to proceed to final judgment on the merits because of failure of the plaintiff to file with the town clerk a "statement or bill" of his claim against the town as provided in secs. 60.33 and 60.36, Stats. Sec. 60.36 provides:

"No action upon any claim or cause of action for which a money judgment only is demandable, except upon town orders, bonds, coupons or written promises to pay any sum of money, shall be maintained against any town unless a statement or bill of such claim shall have been filed with the town clerk to be laid before the town board of audit, nor

until five days after the adjournment of the next regular meeting of the board of audit thereafter."

And sec. 60.33 provides:

"60.33 *Duties of board of audit.* It shall be the duty of such board of audit: . . .

"(2) To examine and audit every account, or demand for which a money judgment only is demandable, presented against the town, and to indorse thereon the amount allowed and disallowed, stating the items; and no allowance shall be made on any account which does not specifically state each item, with the date, amount and nature thereof separately. Such statement shall be verified by the affidavit of the claimant, his agent or attorney and filed with the town clerk; and no such claim against any town shall be acted upon or considered by any town board unless such statement shall have been so made and filed."

The "statement or bill" referred to in sec. 60.36 must mean the same as "account or demand" or "statement" mentioned in sec. 60.33; hence it must be verified.

Prior to 1917, sub. (2), sec. 60.33, Stats., then sec. 821 of the Statutes, did not require a statement of claim in a tort action to be filed with the town clerk to be laid before the board of audit. It was sufficient to give notice of the claim pursuant to sec. 1339. *Spearbracker v. Larrabee,* 64 Wis. 573, 25 N. W. 555. By ch. 553, Laws 1917, the statute was amended to insert after the word "account" in the first line of sec. 821, now sub. (2), sec. 60.33, Stats., the phrase "or demand for which a money judgment only is demandable," and the section so amended clearly covers a tort action for which only a money judgment is demanded. It is urged that this language of the amendment is not included in the expression, "Such statement shall be verified," following later in the same section. A careful consideration of the statute leads us to the conclusion that the intent of the legislature of 1917 was to provide that tort claims for damages should be considered by the town boards the same as accounts, and that as a condition precedent to the com-

mencement of an action on such a claim a verified statement must be filed with the town clerk. This holding is in line with *Meyer v. Outagamie Co.* 134 Wis. 86, 114 N. W. 94, under a somewhat similar statute.

The plaintiff failed to allege or prove compliance with the statutes. The defendant raised objection to the complaint by demurrer *ore tenus,* then by motion for nonsuit, motion for a directed verdict, and for judgment, but the court denied all motions and entered judgment for plaintiff on a special verdict of the jury. Holding, as we do, that compliance with the statute as to filing a verified claim or statement with the town clerk is a condition precedent to recovery, it follows that the fact should have been alleged and proved, failing which the objections of the defendant were timely and should have been sustained. *Hogan v. Beloit,* 175 Wis. 199, 184 N. W. 687, and cases cited; *Eron v. Stevens Point,* 85 Wis. 379, 55 N. W. 410.

*By the Court.*—The judgment of the municipal court is reversed, with directions to dismiss the complaint.