UNITED STATES NATIONAL BANK, Respondent, vs. TOWN OF SWISS, Appellant.

*March 7—April 3, 1928.*

For the appellant there was a brief by *Hanitch, Hartley & Johnson* of Superior, and oral argument by *Clarence J. Hartley.*

*H. V. Gard* of Superior, for the respondent.

STEVENS, J. (1) The complaint contains two counts. The first is upon the promissory note given by the town, which is the note involved in *Town of Swiss v. United States National Bank,* decided herewith (*ante,* p. 171, 218 N. W. 842).

The second count alleges the loan of money to the defendant town of Swiss by the Danbury State Bank, the statement of an account between the Danbury State Bank and the town, the giving of the note in suit to represent the amount of the account stated, and the assignment of the note and of the indebtedness evidenced by it to the plaintiff bank, which is alleged to be the owner and holder of the note and of the indebtedness evidenced by the note.

Giving the complaint the liberal construction which we must give it when its sufficiency is challenged by general demurrer, it must be held that each count of the complaint states a cause of action to recover the amount due upon the promissory note which is here in question. But the decision in the companion case of *Town of Swiss v. United States National Bank, supra,* renders this a moot question.

(2) The second count does not state facts sufficient to constitute a cause of action for either money had and received or upon an account stated, because, among other objections, it is not alleged that a claim based upon such alleged causes of action has been filed with the town clerk or laid before the town board of audit as required by sec. 60.36 of the Statutes. *Stone v. Langlade,* 181 Wis. 104, 107, 193 N. W. 980.

Under the decision in *Town of Swiss v. United States National Bank, supra,* there can be no recovery upon this note, yet it must be held as a matter of pleading that each count does state a cause of action upon the note. It follows that the order overruling the demurrer should be affirmed.

*By the Court.*—Order affirmed.