CALVERT, Respondent, vs. CITY OF APPLETON, Appellant.

*March 9—June 18, 1928.*

The cause was submitted for the appellant on the brief of *Alfred C. Bosser* of Appleton, and for the respondent on that of *Bradford & Bradford* of Appleton.

The following opinion was filed April 3, 1928:

DOERFLER, J. The action, it is alleged, is not brought under the provisions of sec. 81.15 of the Statutes (formerly sec. 1339), but the liability in the complaint is predicated upon the theory that the pipe was placed in the sidewalk by

the city in connection with its waterworks system, and that it constitutes an obstruction and a nuisance; that it was unnecessary to comply with the provisions of sec. 81.15, Stats., as to notice; and that, the city having created the alleged obstruction, no notice for a sufficient length of time prior to the injury to enable the city to remove the obstruction was required.

The question of liability of a municipality in actions brought under the provisions of sec. 81.15 has been presented to this court in numerous cases, and the law upon that subject is fairly well settled in this jurisdiction. A reading of the cases outside of Wisconsin discloses an irreconcilable conflict in those jurisdictions upon the subject of what constitutes an actionable defect. In the case of *Kawiecka v. Superior,* 136 Wis. 613, 118 N. W. 192, the complaint alleged that in rebuilding a sidewalk on a bridge, planks two inches in thickness were fastened upon the upper side of the walk, thus creating an elevation of two inches on one side of the planks, and a corresponding depression upon the other side. The plaintiff stumbled against one of these planks and was injured, and the action was brought to recover damages on account of the insufficiency and want of repair of the sidewalk. Upon the trial a demurrer *ore tenus* was interposed to the complaint, and sustained. In that case it was said:

"It is not always easy to determine just where the province of the court, in passing upon such a question, ends, and that of the jury begins. For many reasons that might be enumerated it is well nigh impossible for municipalities to keep streets and sidewalks in perfect condition at all times. Slight inequalities will almost unavoidably be found in sidewalks in our cities over which there is a large volume of travel. Because of the serious problem that confronts municipalities with reference to keeping their highways in a sufficient state of repair, the court in construing sec. 1339, Stats. 1898 [now sec. 81.15], has not required them to keep such highways in perfect condition, but only reasonably safe for travel."

The court then held that the defect complained of in the case referred to was not an actionable defect. See, also, *Kleiner v. Madison,* 104 Wis. 339, 80 N. W. 453; *Burroughs v. Milwaukee,* 110 Wis. 478, 86 N. W. 159; *Cooper v. Waterloo,* 98 Wis. 424, 74 N. W. 115; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280.

The cases above cited, and numerous others which might be mentioned, demonstrate clearly the law as established by this court as to when an alleged defect in a highway is not actionable under sec. 81.15 of the Statutes as a matter of law. Assuming, however, that under said section the walk was in a condition to create a liability on the part of the city, nevertheless no action could be maintained in this case, because the complaint contains no allegation of the giving of the required statutory notice, and the giving of such a notice is an essential requisite and a condition precedent to the maintenance of such an action. *Dorsey v. Racine,* 60 Wis. 292, 18 N. W. 928; *Sowle v. Tomah,* 81 Wis. 349, 51 N. W. 571; *Hogan v. Beloit,* 175 Wis. 199, 184 N. W. 687.

It is conceded by plaintiff's counsel that the action could not be maintained under sec. 81.15 of the Statutes, as will appear from the opinion of the learned trial judge. The complaint alleges that this obstruction had existed for several years prior to the accident. The statute expressly requires that the city shall maintain the highway in such a condition as to make it reasonably safe for the purposes of public travel. Practically the sole purpose of a highway is to facilitate public travel; therefore if a defect in the highway exists, whether created by the municipality in one capacity or another, or by a third person, or by action of the elements, the city is charged with the performance of a duty to remove such defect in order that the highway may become reasonably safe for public travel; and where the municipality has or receives timely notice of such defect, and the other conditions of the statutes are complied with, the city may be

held liable where injuries result as a proximate cause of its failure to perform its statutory duty. This is not a case like *Hughes v. Fond du Lac,* 73 Wis. 380, 41 N. W. 407, where the city was held liable for creating and maintaining a nuisance on one of its streets, which consisted of leaving a wooden roller upon the highway, which frightened a horse and which resulted in injury to the plaintiff; nor are the facts like those in the case of *Little v. Madison,* 49 Wis. 605, 6 N. W. 249, where the city authorized the use of the streets for a wild-animal exhibition, and where injury resulted therefrom. In each of these cases there was a use of the highway which was entirely foreign to the purposes for which highways are created and maintained. The use was therefore unlawful. This cannot be said in the instant case, for the uses of highways in this age are continually expanding, owing to the necessities of modern conditions. In volume 3 of McQuillin on Municipal Corporations, sec. 1314, p. 2836, it is said:

"Ordinarily, where there is no restriction arising from constitutional or statutory provisions, municipalities have power to use the street for grading and paving, sewers, water pipes, gas pipes, subways, or otherwise for the transmission of persons, property, or intelligence."

The ever-expanding uses to which highways may be put is clearly set forth in an able and exhaustive opinion by Mr. Justice MITCHELL in the case of *Cater v. N. W. Tel. Exch. Co.* 60 Minn. 539, 543–545, 63 N. W. 111, 51 Am. St. Rep. 543, 28 L. R. A. 310.

It requires no argument to conclude that if the sidewalk was reasonably safe for the purposes of public travel, the pipe complained of cannot be denominated a nuisance.

Defendant's brief contains a photographic reproduction of the *locus in quo,* and counsel contends that it was agreed between the parties that such photograph might be used in the consideration of this case. This is denied by plaintiff's

counsel. Such an agreement, if entered into, would be of great help to the court for the purposes of this case. The allegations of the complaint are extremely general, and do not present anything that amounts to an accurate word-picture. The generalities in the complaint might have been made more definite and specific had defendant's counsel made the proper motion in that regard. Furthermore, the failure of an agreement to stipulate as to the real facts or to the use of a proper photograph has a tendency to protract litigation, and that at a time when every effort is strained by the courts, the profession, and the public at large to bring about a prompt and speedy administration of justice. Any effort, therefore, to define the issues in accordance with the real facts must be deemed commendable and not the subject of criticism. Here it must also be borne in mind that an attorney is an officer of the court; that he represents both public and private interests, and that all of the interests are in agreement with respect to the necessity of bringing about speedy justice.

*By the Court.*—The order of the circuit court overruling the demurrer is reversed, and the cause is remanded for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs in one case, on June 18, 1928.