The State vs. Stillman.

---

THE STATE vs. STILLMAN.

*December 24, 1891 — January 12, 1892.*

*Statutes: Amendment: Clerical error: Repeal: Rape.*

1. An amendatory act (ch. 368, Laws of 1889), after specifying the change to be made in the statute amended (sec. 4381, R. S.), continued, "so that said section when amended shall read as fol-

The State vs. Stillman.

lows,"— setting out the whole section. By a clerical error in this recital of the section as amended a change was made therein in addition to the one specified. *Held*, that such error would be disregarded, and effect given only to the amendment specified.

2. There being no repealing clause in the amendatory act, the section amended is repealed only so far as the amendment conflicts with it.

REPORTED from the Circuit Court for *Green Lake* County.

Information for rape. The questions reported are stated in the opinion.

Sec. 4381, R. S., was as follows: "Any person who shall ravish and carnally know any female of the age of ten years or more, by force and against her will, shall be punished by imprisonment in the state prison not more than thirty years, nor less than ten years; but if the female shall be proven on the trial to have been, at the time of the offense, a common prostitute, he shall be punished by imprisonment in the state prison not more than seven years, nor less than one year." Ch. 368, Laws of 1889, amends said sec. 4381 "by striking out the word 'ten,' where it occurs in said section, and inserting the word 'twelve,' so that said section when amended shall read as follows: Section 4381. Any person who shall ravish and carnally know any female of the age of twelve years or under [*sic*] by force and against her will, shall be punished by imprisment in the state prison not more than thirty years nor less than ten years; but if," etc.

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and for the defendant on the record.

ORTON, J. The defendant was informed against and convicted of the crime of rape on a female of the age of thirty-eight years. On the trial of this case questions of law arose which, in the opinion of the judge of the circuit

court, were so important or doubtful as to require the decision of this court, and the judge of said court has therefore reported the case to this court for the decision of said questions. The questions are as follows: "*First.* Was section 4381 of the Revised Statutes of 1878 repealed by chapter 368 of the General Laws of 1889?" "*Second.* Can the defendant be punished under said sec. 4381, R. S. 1878, as amended by chapter 368 of the General Laws of 1889, for the offense charged in the information, and for which he was convicted?" The third question is immaterial.

We answer the first question, Yes; but only so far as it was amended by or in conflict with chapter 368 of the General Laws of 1889.

We answer the second question, Yes. The rewriting and re-enactment of the whole section with the amendment or amendments engrossed, is a mere rule of the legislature to secure a clearer and readier understanding of the place and effect of the amendment. It is no part of the legislative act. The act consists of the amendment alone. For instance, the act of the legislature of 1889, so far as it relates to section 4381 of the Revised Statutes, is to "amend that section by striking out the word '*ten*' where it occurs in said section, and inserting the word '*twelve.*'" That is as far as the legislature had any thought or intent. Then follows what is merely a conclusion, and clerical, under the rule,— "so that said section, when amended, shall read as follows," etc. The omission of the words "or more," following the word "years," in specifying the age of the female, in sec. 4381, R. S., and inserting the words "*or under,*" is a mere *clerical mistake* in engrossing or rewriting the whole section as amended, and does not affect the act, which merely struck out "*ten*" and inserted "*twelve.*" The courts will read the amendment engrossed as it ought to be. Sec. 4381, R. S., is in force, so amended. The re-enactment of the section, as so amended, is a mere matter

of form and a supererogation. There is no repealing clause in the act, and therefore the section of the Revised Statutes is not repealed any further than the amendment conflicts with it.

These answers will be certified by the clerk to the circuit court of the county of Green Lake, in which the trial was had, as the opinion of this court.

*By the Court.*— Ordered accordingly.