SVENNES, Appellant, vs. VILLAGE OF WEST SALEM, Respondent.

*May 14—June 19, 1902.*

*Statutes: Amendment: Clerical error in recital: Recording resolution taking land for drain.*

1. A statute (sec. 3187a, Stats. 1898) was amended by striking out. certain words. A subsequent amendment was expressly limited to another portion of the section, but by inadvertence the words before stricken out were incorporated in the recital of the section as amended. *Held*, that such recital did not re-enact those· words, but the clerical error should be disregarded.

2. The provision in sec. 3187a, Stats. 1898, as amended, that a resolution or order taking or affecting land for the purposes therein mentioned, without an application having been made therefor, shall have no effect unless it be "recorded," means recorded in. the office of the register of deeds of the county in which the land is situated, as prescribed in another part of the section.

APPEAL from an order of the circuit court for La Crosse· county: J. J. FRUIT, Circuit Judge. *Reversed.*

For the appellant there were briefs by *Skaar & Bosshard,*. and oral argument by *Otto Bosshard.*

*Benj. F. Bryant,* for the respondent.

CASSODAY, C. J. This is an action to restrain the defendant from constructing a drain upon the land of the plaintiff, described. The action was commenced, and the defendant obtained a temporary injunction, October 2, 1901. The defendant answered on the merits, and alleged, in effect, that it had acquired the right to construct the drain by such proceedings for the condemnation of the land as were required by secs. 895–902, ch. 40, Stats. 1898; that, among other things,. it caused an accurate survey and plat of the proposed drain to be filed with the village clerk, and declared by resolution its purpose to take such land and construct and open such drain, and that it would apply to a justice of the peace·

named, August 1, 1901, at 2 p. m., at his office, for the appointment of a jury to condemn such land; that due notice was given of such application; that a jury of twelve competent persons were selected and appointed at the time and place so named; that the jury so appointed were duly summoned and sworn to serve as such August 9, 1901; that such jury thereupon viewed the premises, and unanimously returned a verdict that it was necessary to take the lands described for the purpose of constructing and opening a drain, and found and appraised the damages to the plaintiff at $250, and that he received no benefits; that the plaintiff appealed therefrom to the circuit court, where the matter was still pending; that the defendant did thereupon enact an ordinance for opening the drain, and set apart $250, and made an order, lawfully executed, payable to the plaintiff, and deposited the same with the village clerk, subject to the order of the plaintiff; that all the acts complained of were done pursuant to the authority of such proceedings,—and prayed that such injunction be vacated, dissolved, and set aside. Upon such answer and corroborating affidavits, the defendant moved the court to vacate and dissolve such injunction.

On the hearing of the motion, it was made to appear, and is undisputed, that no notice of the pendency of any application for such condemnation, nor any plat or description of such premises, was ever filed in the office of the register of deeds; that no final order or resolution based upon such application, nor final order, judgment, or decree, or certified copy thereof, was ever recorded in the register's office; that no resolution or ordinance for the taking of such land, or affecting the same, certified or uncertified, was ever recorded in the register's office. Upon such hearing, the trial court, October 8, 1901, ordered that such injunction be, and the same was thereby, vacated. From that order the plaintiff appeals.

The defendant contends, and the plaintiff concedes, that in the condemnation proceedings the defendant complied with all

the requirements of secs. 895–902, Stats. 1898. The plaintiff contends that such proceedings were incomplete, insufficient, and void as to the plaintiff, and vested no title to the land in the defendant, by reason of the failure to comply with sec. 3187a, Stats. 1898, as amended. The most of that section relates to condemnation proceedings upon application made, and provides for the filing and recording of certain papers in the register's office, which the undisputed evidence shows were not filed nor recorded in that office in the case at bar. That part of the section provides that the "neglect to comply with" such provisions should "render all proceedings based upon such application void." The defendant concedes that "there was no application made in this case," and that the village board proceeded " on its own motion," and that "the inquiry on this appeal is narrowed down to a construction of the last sentence of sec. 3187a." That sentence of that section, as it appears in the Statutes of 1898, reads:

"A (certified copy of any) resolution or order made · by any such body, whereby any land shall be taken or affected *without an application* having been made therefor, shall have *no effect* and shall not be notice to any subsequent purchaser or incumbrancer, unless such resolution or order be recorded."

The words "certified copy of any," in the first line of the sentence, and above in parenthesis, were stricken out by sec. 38, ch. 351, Laws of 1899. That left the sentence as though the words so stricken out had never been incorporated. Two years afterwards that section was again "amended by striking out the words 'or town board,' in the third line of said section, and by inserting the word 'or' before the words 'village· board' next preceding, so that said section when amended shall read as follows." Ch. 121, Laws of 1901. Such recital was in compliance with Joint Rule No. 12 of the senate and assembly, which required that "every bill shall recite at length every section which it proposes to amend, as such section will read if amended as proposed."

The question recurs whether such mere recital had the effect to re-enact the four words so expressly stricken out two years before. Such amendment by its terms was expressly limited to the third line of the section, whereas the sentence in question commenced in the sixteenth line of the section. There was manifestly no intention of changing the last sentence of the section in any manner. By inadvertence, there was a failure to recognize the fact that the four words mentioned had been stricken out two years before. This court has repeatedly held that such "a mistake or omission in such recital will not defeat the intention of the legislature." *Custin v. Viroqua,* 67 Wis. 314, 30 N. W. 515; *State v. Stillman,* 81 Wis. 124, 51 N. W. 260. Such clerical error in the recital of the section as amended must therefore "be disregarded, and effect given only to the amendment specified." *Id.* Omitting the words so stricken out, the sentence declares, in effect, that such "resolution or order . . . shall have no effect . . . unless . . . recorded." There is no room for a different construction. The contention that only a " certified copy " of such resolution or order is to have no effect unless recorded, and that the original resolution or order remained in full force, must be overruled.

The suggestion that the section fails to state where such resolution or order was to be recorded—"whether in the records of the village, or in the office of the register of deeds, or elsewhere"—is without foundation. The object of such recording is to perfect the title to the land so condemned, not only between the parties, but as against "any subsequent purchaser or incumbrancer." The requirement that the resolution or order "be recorded," therefore, manifestly means to "be recorded in the office of the register of deeds of the county in which the land is situated," as prescribed in the former part of the section.

We must hold that such proceeding to condemn the land was not complete, by reason of the failure to record such reso-

lution or order, and that such recording, as well as the other steps taken, was a condition precedent to the right of the defendant to enter upon the land and construct the drain.

*By the Court.*—The order of the circuit court vacating the preliminary injunction is reversed, and the cause is remanded with direction to deny the defendant's motion to dissolve such injunction, and for further proceedings according to law.