BIRDSALL, Respondent, vs. KEWAUNEE COUNTY, Appellant.

*March 17—April 5, 1905.*

*County board: Allowance of fees of officers in justices' courts: Statute, mandatory or directory? Repugnant provisions: Appeal: Jurisdiction.*

1. Strict compliance with sec. 680, Stats. 1898, is a condition precedent to jurisdiction of the county board to allow the claim of a constable for services performed in a justice's court in an action wherein the state is a party and the county is liable for such services. The provision that "such fees shall be . . . allowed by the county board in the manner following, *and in no other way,*" cannot be held to be merely directory.

2. Sec. 680, R. S. 1878, having been amended by ch. 117, Laws of 1880 (adding "officers" to those whose claims were required to be audited in the manner therein prescribed), in so far as the amended section (now sec. 680, Stats. 1898) is repugnant to sec. 677, R. S. 1878 and Stats. 1898, the latter section must be regarded as modified accordingly.

3. Where a county board had no jurisdiction to allow a claim, an appeal from its disallowance thereof confers no jurisdiction upon the circuit court except to dismiss the proceeding.

APPEAL from a judgment of the circuit court for Kewaunee county: MICHAEL KIRWAN, Circuit Judge. *Reversed.*

November 3, 1903, plaintiff filed with the county clerk of Kewaunee county, to be acted upon by its county board, a claim for services as constable in a criminal action before a justice of the peace for such county. He intended to comply with sec. 677, Stats. 1898. The annual meeting of the board for 1903 was concluded without its taking final action on the claim. The situation was such that if the claim was filed in such a way as to give the county board jurisdiction of the matter its failure to act thereon was equivalent to a disallowance thereof. Thereupon the claimant appealed to the circuit court, setting forth in his notice, in addition to the facts before stated, that the justice of the peace before whom the action was instituted and prosecuted in which the services in question were rendered filed a certified statement of all actions or proceedings had, or tried, before him, in which the state was a party, and wherein the county of *Kewaunee* had become liable for the fees of officers, jurors, witnesses, or interpreters on the part of the state who actually attended and gave in a statement of their attendance and travel, including the action in question. The appeal was in form perfected.

Upon the matter coming on to be heard in circuit court the defendant moved to dismiss because the return failed to disclose compliance with sec. 680, Stats. 1898, so as to give the county board jurisdiction to act in the matter. Before deciding the motion the court permitted evidence to be offered showing that a certificate of the justice of the peace covering the matter in question in the form prescribed by such section was filed with the county clerk seven days before the annual meeting of the county board; that the same was approved by the district attorney, except as to the matter of plaintiff's fees and those of one Grace Havens, attention being called to the fact that separate bills were on file as to such matters. The motion was denied. A part of plaintiff's claim was disallowed because not properly itemized and the

balance, $2.47, was allowed and judgment ordered therefor, with costs. Judgment was rendered accordingly.

The cause was submitted for the appellant on briefs by *O. H. Bruemmer,* and for the respondent on the brief of *J. H. McGowan.*

MARSHALL, J.    If strict compliance with sec. 680, Stats. 1898, be a condition precedent to the jurisdiction of the county board to allow the claim of a constable for services performed in justice's court in an action wherein the state is a party and the county is liable for such services, then jurisdiction was not obtained by the county board as to the matter in hand. In that case the appeal to the circuit court failed to confer jurisdiction on it to do more than to dismiss the proceedings, and the judgment appealed from must be reversed. *Klaise v. State,* 27 Wis. 462; *Stringham v. Winnebago Co.* 24 Wis. 594; *Felt v. Felt,* 19 Wis. 193; *Stollman v. Lake, ante,* p. 462, 102 N. W. 920.

It is conceded by respondent's counsel, as the fact is, that compliance with sec. 677, as regards the matter of presenting claims to county boards for consideration, is requisite to confer jurisdiction on such boards over the subject matter of such claims, but it is insisted in respect to the matter in hand that there was such compliance and that the claim is governed by such section, the provisions of sec. 680, in respect thereto, if applicable at all, being only as regards evidence to establish a claim presented under sec. 677, and directory only. No reason is perceived why the reasoning of the court in *Outagamie Co. v. Greenville,* 77 Wis. 165, 45 N. W. 1090; *Miller v. Crawford Co.* 106 Wis. 210, 82 N. W. 175; and *Northern Trust Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460, resulting in a conclusion that reasonably strict compliance with sec. 677, as to claims referred to therein, is requisite to confer jurisdiction on county boards to consider the same, does not apply with equal, if not greater, force to sec.

680, as to liabilities referred to therein. Probably there is no class of claims which calls for more caution in auditing the same to guard against useless and extravagant expenditures of public money than those growing out of administration of the criminal law by justices of the peace. It seems probable that the legislature so viewed the matter in providing specially in respect thereto, and prohibiting the allowance of such claims not presented and established as therein provided.

The history of the two sections of the statutes referred to leaves little or no ground for holding that sec. 680 does not apply to constables' fees as well as to fees of witnesses, jurors, and other persons named therein. Sec. 677 is based mainly on ch. 160, Laws of 1868. What are now the opening lines of the section at first read this way:

"Any officer or other person having a demand or claim against any county for money or other thing, shall make out a statement thereof in writing, with his affidavit attached," etc.

There was in the beginning no exception in favor of any class of claimants. As a companion piece of legislation to ch. 160, the two being approved at the same time, ch. 153, Laws of 1868, was passed, and that forms the basis of what is now sec. 680. It at first referred to fees of jurors, witnesses, and interpreters, made the justice's certificate conclusive evidence of the claims of the persons named therein, required the board to audit the claims and draw orders for their payment, and provided that "no claim of any juror, witness or interpreter for fees which may become due after this act goes into effect, shall be allowed by any board of supervisors, unless it comes before them in the manner above prescribed." The two acts were so plainly repugnant to each other as to attract the attention of the revisers who compiled the Statutes of 1878. They remedied the difficulty by providing in sec. 677, as framed to embody ch. 160, Laws of

1868, that jurors, witnesses, and interpreters should be exempt therefrom. The auditing of claims as to such persons was regulated by sec. 680, which the revisers framed to embody the ideas contained in ch. 153, aforesaid. The language of sec. 4 of said ch. 153, to wit: "No claim of any juror, witness or interpreter for fees which may become due after this act goes into effect, shall be allowed by any board of supervisors, unless it comes before them in the manner above prescribed," was condensed into the few words, "shall be . . . allowed by the county board in the manner following, and in no other way." By ch. 117, Laws of 1880, sec. 680 was amended by adding to those whose claims were required to be audited in the manner therein indicated, "officers." To make it clear that the claims of constables and sheriffs were the officers referred to, the form for the justice's certificate was amended so as to specially mention them. With some other changes, not necessary to be noted, the section came to be in the form found in the Statutes of 1898. The amendment of sec. 680 by the law of 1880 to that extent made it plainly repugnant to sec. 677. Such being the case the latter section must be regarded as modified accordingly. *Woodman v. Clapp,* 21 Wis. 355; *State v. Stillman,* 81 Wis. 124, 51 N. W. 260. It is a familiar rule that an act relating to a subject matter already covered by the written law, without any repealing clause or any express intention to change such law, does not work any change therein, so far as the two enactments can reasonably stand together, but that otherwise a. change in harmony with the latter act is thereby effected, because it is assumed that the legislature must have so intended. The case might be grounded alone on subd. 15, sec. 4972,. Stats. 1898, which provides that in case of otherwise unavoidable repugnance between two sections of the same chapter the "last in numerical order shall prevail unless such construction be inconsistent with the meaning of such chapter" in which they are found.

It seems plain that effect cannot be given to sec. 677 and at the same time to sec. 680 as to officers' fees such as those in question.    The former provides how claims against the county must be presented to county boards in order to enable such boards to audit the same, those of certain persons, not including officers, entitled to compensation for attending. trials in justices' courts being excepted, and in effect prohibits allowance of any such claim not so presented. Sec. 680 provides that claims of the character there specified shall be certified in a prescribed form, by the justice in whose court the same originate, to the county clerk of his county ten days before the annual meeting of the county board of such county; that such clerk shall deliver the certified statement to the district attorney of the county for his opinion thereon; that he shall report as to each item mentioned as to whether the county is or is not liable therefor and if liable for a part only, what part; that the statement and report shall then be laid before the county board for its action thereon; that such certified statement shall then stand as presumptive evidence of the claims referred to therein; that the board shall examine and allow such as are legal and direct that orders be drawn for the amount to each person; and that such claims shall be allowed in that manner "and in no other way."    It would be difficult to use words more fully excluding every way of doing a particular thing than one prescribed, than to say that it shall be done in that manner and "in no other way."    We cannot perceive any avenue of escape from the conclusion that the amendment to sec. 680, made in 1880, added officers to those whose fees are required to be audited thereunder and to that extent sec. 677 was amended thereby.

Effect must be given to the statute as we find it.    The legislature *ex industria* placed words therein to guard against the possibility, apparently, of its being held that any stated condition precedent to the allowance of a claim is directory. That is evidently what the words "in no other way" were used

for.    The certificate of the justice here was not filed with the county clerk ten days before the annual meeting of the county board.    True, it was filed at a later time and was referred, as the law requires, to the district attorney for his consideration, but he did not report as to the liability of the county regarding the claim of the appellant.  So in two material particulars the claim was not in shape to be audited at the annual meeting of the county board for 1903.    It never acquired jurisdiction of the matter and therefore the condition requisite to the acquirement of jurisdiction by the circuit court to review its action, or nonaction, is wanting.

We have not overlooked the fact that when the legislature amended sec. 680 it failed to make a corresponding amendment to sec. 681, affording officers as well as others named in the former a right of action against a justice of the peace in case of his failing to perform his duty thereunder.    That may have been an oversight, or it may have been thought that jurors, witnesses, and interpreters, whose claims are often so small that very little effort could be afforded by claimants for the collection thereof, should have the sums allowed without personal attention thereto.    Whatever may be the reason, the court cannot change the situation as the legislature has seen fit to leave it.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the proceedings.