Meyer v. Outagamie County, 134 Wis. 86.

---

MEYER, Appellant, vs. OUTAGAMIE COUNTY, Respondent.

*November 29—December 13, 1907.*

*Counties: Claims: Verification: Statutes: Construction: Pleading: Demurrer.*

1. Under sec. 677, Stats. (1898),—providing for the presentation of claims against counties, and requiring a statement thereof in writing in the form prescribed, that such statement shall be verified by the affidavit of the claimant, his agent or attorney, and filed with the county clerk, and that no such claim against any county shall be acted upon or considered by the county board unless such statement shall have been made and filed,—an omission of the affidavit to show that the affiant is the claimant, his agent or attorney, is a substantial defect, and the county board acquires no jurisdiction to act upon or consider such claim.

2. Where a county board disregards such defect and considers the claim, allowing some of the items and disallowing others, and thereafter the same claim is presented, properly verified, and disallowed because of such prior action, on appeal to the circuit court from such disallowance of the whole claim it is error to overrule a demurrer to an answer of the county board setting up as the sole defense its previous action and that no appeal had been taken therefrom.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

On November 15, 1906, plaintiff filed with the county clerk of *Outagamie* county a claim for $325.20 against the county. On November 23, 1906, on the recommendation of the committee to which the claim had been referred, the county board allowed the claim at $259.32, and a warrant and order for the amount was issued upon the treasurer of the county. Plaintiff felt aggrieved by the action of the board through which they reduced the amount of his claim. The affidavit attached to the claim was not made by himself or by any person apparently authorized to act as his agent or attorney. The affidavit was in fact made by his son, but

neither the statement of the claim nor the verification dis-
closes the agency of the affiant.    The affidavit attached to the
claim is as follows:

"Richard J. Meyer, being duly sworn, deposes and says
that the annexed account is just and correct, and that the
same has not heretofore been presented to the county board
of supervisors of said county, nor has the same or any part
thereof ever been paid.          RICHARD J. MEYER."

On January 17, 1907, plaintiff filed his claim against the
county for the same items and demands.    The county board
refused to consider and act upon the claim for the reason that
the claim had been acted upon at its previous meeting.
Plaintiff appealed to the circuit court from the action of the
board refusing to consider his claim.    In the circuit court
he filed a complaint setting up his claim and alleging its total
disallowance.    The county board answered the complaint,
setting up the fact of the previous action of the board allow-
ing the claim at a reduced amount and that no appeal had
been taken from their former action, and also interposed a
general denial.    Plaintiff demurred to that part of the an-
swer alleging the action taken by the county board in Novem-
ber in allowing part of the claim as a defense.    This is an
appeal from the order of the court overruling the demurrer
to the answer.

The cause was submitted for the appellant on the brief of
*Classon & Frank,* and for the respondent on that of *F. J.
Rooney.*

SIEBECKER, J.    The terms of sec. 677, Stats. (1898), pro-
viding for the presentation of claims against counties, re-
quire a statement thereof in writing in the form prescribed,
and that "such statement shall be verified by the affidavit of
the claimant, his agent or attorney, and filed with the county
clerk; and no such claim against any county shall be acted
upon or considered by any county board unless such state-

ment shall have been so made and filed." The claim in this case was not verified by the affidavit of the claimant, but by that of another person. It is nowhere stated that the affiant is the agent or attorney of the claimant. So far as appears from the record and proceedings of the county board on this claim presented in November, 1906, the person verifying such claim may have been a stranger to the claimant and wholly without authority to verify it under the requirements of the statutes. The omission to show that affiant was the agent or attorney of the claimant is a substantial defect in the form of the claim under these provisions. The requirement is an essential of the written statement and is clearly for the purpose of furnishing evidence of the correctness of the contents of the written statement to which it is affixed. To accomplish this the statute obviously intended that the affidavit should show that affiant was the claimant or his agent or attorney so as to give probative force to such claim by the verification. Failure in showing this is fatal. *Chickering-Chase Bros. Co. v. White,* 127 Wis. 83, 106 N. W. 797; *Miller v. C., M. & St. P. R. Co.* 58 Wis. 310, 17 N. W. 130; *McCabe v. Sumner,* 40 Wis. 386. The county board disregarded this defect in the verification and considered the claim, allowing some of the items and disallowing others. The claimant avers that such action of the board was without jurisdiction under the circumstances and the statutes prescribing that "no such claim against any county shall be acted upon or considered by any county board unless such statement shall have been so made and filed."

We are cited to the early case of *Parker v. Grant Co.* 1 Wis. 414, as authority to the effect that the requirement of a verification of a claim is only directory, and, if the board acted on it as presented, then such action binds the parties. Since that decision the statutes have been materially changed, and the effect thereof was considered in the recent cases of *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460,

and *Birdsall v. Kewaunee Co.* 124 Wis. 576, 103 N. W. 1. In them this change was considered, and it is stated:

"The clause must now be read as a proviso to the general grant of power contained in subd. 2, sec. 669, to the effect that the county board has power, as therein declared, to adjust and settle claims against the county . . . when itemized and verified as therein specified, and not otherwise." *Snyder Case,* 113 Wis. 516, 535, 89 N. W. 466.

We consider this decision conclusive upon the effect of the statute, and that, because its verification was fatally defective in the respect heretofore indicated, the county board acquired no jurisdiction "to act upon or consider" the claim presented in November, 1906, against the county by the plaintiff, and that the trial court erred in overruling the demurrer to the answer.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the lower court with directions to enter an order sustaining the demurrer, and for further proceedings according to law.