HUTCHINSON, Appellant, vs. CITY OF OSHKOSH, Respondent.

*December 10, 1912—January 7, 1913.*

*Municipal corporations: Claims: Filing: Verification: Tort actions: Special charter: Adoption of parts of general charter: Effect.*

Prior to the adoption of secs. 925—58 to 925—60, Stats., by the city of Oshkosh, its charter required all claims against the city to be verified and filed (Laws of 1891, ch. 59, subch. IX, sec. 1), and prohibited suits on any claim or demand until the same had been filed and disallowed (subch. XXI, sec. 4); but, the words "claim or demand" being held applicable only to claims arising on contract, tort actions might be brought against the city without the filing of a claim. By secs. 925—58 to 925—60, claims of all kinds, whether on contract or otherwise, were required to be filed, and suits thereon were prohibited until after filing and disallowance. *Held*, that the adoption of those sections by the city did not supersede or repeal sec. 1, subch. IX, of the charter, and that thereafter the requirement that claims should be verified applied to claims founded on tort as well as those on contract.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *John W. Hume* and *John F. Kluwin,* and oral argument by *Mr. Kluwin.* They contended, *inter alia,* that prior to the adoption of the general charter provisions the special charter did not require the filing or verification of claims founded on tort. *Bradley v. Eau Claire,* 56 Wis. 168, 14 N. W. 10; *Kelley v. Madison,* 43 Wis. 638; *Jung v. Stevens Point,* 74 Wis. 547, 43 N. W. 513; *Sommers v. Marshfield,* 90 Wis. 59, 62 N. W. 937; *Hill v. Fond du Lac,* 56 Wis. 242, 14 N. W. 25. Nothing in the sections of the general charter adopted by the city, or in any other part of the general charter, requires verification of tort claims. Hence, sec. 1, subch. IX, of the special charter cannot now be held to have a new meaning and to require such claims to be verified.

*R. A. Hollister,* corporation counsel, for the respondent.

Kerwin, J. The appellant filed an unverified claim in a tort action with the city clerk of respondent city, and, the city having failed to act upon it within sixty days, the appellant regarded it disallowed by nonaction and appealed to the circuit court. The action was there dismissed for want of jurisdiction, and from the order of dismissal this appeal was taken.

The correctness of the order below turns upon the charter provisions. The record shows that the appellant complied with the provisions of sec. 1339, Stats., and acts amendatory thereof and supplementary thereto.

It is without dispute that in 1902 the city of *Oshkosh* adopted secs. 925—58 to 925—60, inclusive, Stats., as amended. Prior to that time the charter provisions covering the subject were sec. 1, subch. IX, and secs. 4, 5, and 6 of subch. XXI, being parts of ch. 59, Laws of 1891 (vol. 2).

Sec. 1, subch. IX, provides: "All claims and demands against the city except for salaries shall be itemized, verified by oath of the claimant or some one in his behalf, and filed with the city clerk, who shall indorse thereon the name of

claimant, amount and nature of claim, date of filing and proper number of claim, and within one week deliver the same to the comptroller for examination, who shall examine such claims presented against the city and so delivered to him, whether founded on contract or otherwise, and determine as to each claim whether the same is properly itemized and sworn to, or if on contract, whether the items charged are correct, whether such claim was incurred by proper authority, and generally determine the correctness of such claim. For the above purposes he shall have power to swear witnesses and take testimony. If he does not find any objection to the claim, he shall mark his approval thereon; if he disapproves, or approves in part and disapproves in part, he shall report his reasons therefor, and in all cases he shall report the evidence taken by him. No claim shall be considered by the council or reported to a committee till it shall have been examined and reported on by the comptroller. The comptroller shall so examine said claims and demands and return the same to the city clerk within two weeks after he shall have received them with his report thereon in writing. The city clerk shall thereupon place such claims or demands before the proper board or common council, as shown by the nature of the claim, at the next meeting of such board or common council for allowance; if a claim arising on account of the public parks, before the board of public parks; if a claim arising on account of the schools, other than the erection and repair of school buildings and maintenance of school grounds, before the board of education; and all other claims before the common council."

Sec. 4, subch. XXI, provides: "No action shall be maintained by any person against the city upon any claim or demand until such person first shall have presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part; provided, that the failure of such common council to pass upon such claim within sixty days after the presentation of such claim shall be deemed a disallowance thereof."

Sec. 5, subch. XXI, provides: "The determination of the common council disallowing in whole or in part any claim shall be final and conclusive, and a bar to any action in any court founded on such claim, unless an appeal be taken from the decision of such common council as in this act provided."

Sec. 6, subch. XXI, provides for appeal to circuit court on disallowance of claim.

Counsel for appellant do not seem to agree in their contentions for reversal. If we understand them correctly, one insists that the adoption of secs. 925—58 to 925—60 supersedes or repeals subch. IX of the charter, while the other contends that the proper construction of subch. IX of the city charter is that tort claims are not required to be verified. We cannot agree with either contention.

Prior to the adoption of secs. 925—58 to 925—60 as amended, the charter, sec. 1, subch. IX, required all claims to be verified, and during the same time subch. XXI prohibited suits on claims or demands. But since this court held that claims or demands did not include tort actions the prohibition did not reach them, and therefore suits might be brought against the city in the ordinary way on tort actions without filing a claim, while claims on contract should be filed with the council and suit upon them otherwise prohibited.

In adopting secs. 925—58 to 925—60 as amended, all suits were prohibited on all claims, whether on contract or otherwise. So after the adoption of this statute, tort as well as other claims were required to be filed, and by the terms of subch. IX were required to be verified.

There is no room for the contention that subch. IX of the charter was either superseded or repealed by the adoption of secs. 925—58 to 925—60, nor that subch. IX only required claims on contract to be verified. The fact that tort actions might be brought directly against the city without verifying or filing before the change, by no means obviates the necessity of verifying after the change in the law preventing all actions against the city except by filing claims verified in the manner provided in subch. IX. The class of claims to be filed was by the adoption of secs. 925—58 to 925—60 enlarged, since by filing only could they be brought into court, suit upon them as formerly being prohibited.

Subch. IX and subch. XXI of the city charter were separate and distinct and served different purposes before the change in the charter. Subch. IX and secs. 925—58 to 925—60, which took the place in modified form of subch. XXI, serve distinct purposes and can well subsist together, and there is nothing to show any intention to repeal subch. IX by the adoption of secs. 925—58 to 925—60.

It follows, therefore, that it was necessary to comply with subch. IX by verifying the claim as therein required. The claim, not having been verified, was not a proper claim for consideration and the council was justified in disregarding it. No proper claim having been filed, the court below had no jurisdiction, and the order of dismissal was right and must be affirmed.

*By the Court.*—The order is affirmed.