READ, Respondent, vs. CITY OF MADISON, Appellant.

*December 8, 1915—January 11, 1916.*

*Municipal corporations: Claims: Verification: Waiver: Appeal from disallowance: Jurisdiction of circuit court: Waiver of defects: Statute simplifying procedure: Construction: Retroactive effect.*

1. Where a city charter provides that claims against the city shall be verified and shall be presented to the common council for allowance, and that the sole remedy of the claimant in case of a disallowance shall be by appeal therefrom to the circuit court,.

the council has no right to waive the requirement and take ac-
tion upon an unverified claim, nor can the circuit court on ap-
peal exercise jurisdiction in respect thereto.

[2. How far the situation with respect to jurisdiction upon an appeal
from the disallowance of an unverified claim may be affected
by sec. 1, ch. 219, Laws 1915 (sec. 2836a, Stats.), or whether that
statute affects cases which were pending at the time of its en-
actment, not decided.]

3. Statutes conferring new rights are generally held not to have a
retroactive effect unless such intention is fairly expressed or
clearly implied, but this strict rule does not apply to statutes
relating to remedies.

4. Where, upon an appeal from the disallowance of an unverified
claim against a city, the circuit court, although it had no legal
authority to consider the cause, made an order therein overrul-
ing a demurrer, and an appeal from such order was perfected
before ch. 219, Laws 1915, took effect, that statute could not
vitalize the order.

APPEAL from an order of the circuit court for Dane county:
E. RAY STEVENS, Circuit Judge. *Reversed.*

*William Ryan,* city attorney, for the appellant.

For the respondent there was a brief by *Hill & Spohn,* and
oral argument by *W. H. Spohn.*

BARNES, J.   Plaintiff presented an unverified claim to the
common council of the city of *Madison* for $510.75.   The
council passed a resolution appropriating $50 in full pay-
ment thereof.   From the decision of the council plaintiff ap-
pealed to the circuit court.   In that court he filed a formal
complaint, to which the defendant demurred on the ground
that the court had no jurisdiction of the persons of the liti-
gants or of the subject matter of the action and on the further
ground that the complaint did not state a cause of action.
From an order overruling the demurrer the defendant ap-
peals.

The charter of the city of *Madison* (ch. 36, Laws 1882)
provides that all accounts and demands against the city, be-
fore the same shall be allowed, shall be verified by affidavit,
except claims for salaries and amounts previously fixed or de-

termined by law; that no action shall be maintained by any person against the city upon any claim or demand until such person shall have presented his claim or demand to the common council; that the disallowance in whole or in part of any claim shall be final and conclusive and a perpetual bar to any action in any court founded on such claim, except that an appeal may be taken to the circuit court as otherwise provided; and that in case of a total or partial disallowance of a claim the council shall not thereafter entertain such claim again, but the claimant may, if he desires, prosecute the same by appeal to the circuit court and not otherwise. Secs. 23, 25, 26, and 27, ch. VII, City Charter.

The appellant takes the position that the council had no jurisdiction to act on an unverified claim and that the action taken on the claim presently involved was void and that the circuit court could obtain no jurisdiction by appeal unless the common council had taken lawful action on the claim. The circuit court held that the matter of verification was not jurisdictional, but the want of it was an objection which the common council could waive and which it did waive here by acting on the claim, and hence it decided that the demurrer was not well taken. As will be seen from a statement of these contentions, the question before us is, Did the circuit court have legal authority to determine the rights of the plaintiff on the appeal?

Some of our city charters have provisions requiring the service of a notice or the presentation of a claim to a city council as a condition precedent to the maintenance of an action, but also provide that when action is brought it may or must be brought in court in the manner in which original actions are ordinarily commenced. Others provide that the sole remedy of the claimant in case of disallowance is by appeal from the decision of the common council. The distinction between the two classes is pointed out in *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448. As to the first class of

cases it is held that the requirement of presentation as a con-
dition precedent to bringing the action is in the nature of a
statute of limitations which may be waived.   *Hill v. Fond du
Lac,* 56 Wis. 242, 14 N. W. 25; *O'Connor v. Fond du Lac,*
109 Wis. 253, 85 N. W. 327; *Bunker v. Hudson, supra.*

As to the second class of cases it is held that, unless the
preliminary requisites are substantially complied with, the
court on appeal gets no jurisdiction of the subject matter of
the action.   *Telford v. Ashland,* 100 Wis. 238, 75 N. W.
1006; *Seegar v. Ashland,* 101 Wis. 515, 77 N. W. 880;
*State ex rel. Ashland W. Co. v. Bardon,* 103 Wis. 297, 79
N. W. 226; *Morgan v. Rhinelander,* 105 Wis. 138, 81 N. W.
132; *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 81 N. W.
1040; *S. C.* 109 Wis. 208, 85 N. W. 376; *O'Donnell v. New
London,* 113 Wis. 292, 89 N. W. 511; *Morrison v. Eau
Claire,* 115 Wis. 538, 92 N. W. 280.   Some of the cases
cited go to greater extremes than the court would be inclined
to go at the present time if the questions were before us as
original ones.   The statement found in some of the cases,
that the circuit court has no jurisdiction over the subject mat-
ter of the action, is hardly accurate.   It seems anomalous to
say that the circuit court has not jurisdiction of the subject
matter of an action brought to recover an ordinary account
against a city.   It is a court of general jurisdiction of law
and equity cases, and it is difficult to see how jurisdiction
over subject matter is affected by the irregularity of pre-
liminary proceedings.

The legislature has the undoubted right to require claim-
ants against municipal corporations to file their claims for
audit and allowance before suit is commenced and the mu-
nicipality is subjected to cost and expense.   In the interest
of the public and to prevent fraud it has the right to say that
these claims must be verified and that no action can be taken
thereon until they are, and to make the presentment of a claim
the commencement of an action, and to make the remedy by ap-

peal from the action taken thereon exclusive, and further to provide that the appellate court shall not act on an appeal unless the claim was presented in such form that the municipal officers might properly consider it, nor unless they did consider it or refused to do so within the time limited by law.

It would be more correct to speak of the restriction against court action as a prohibition against the exercise of jurisdiction which inheres in the court over the subject matter of the suit, than to say that it is a denial of such jurisdiction. Certain conditions precedent must exist before the court is permitted to exercise its jurisdiction. In practice the distinction is not very material, but it is suggested in the interest of accuracy.

The immediate question before us is, Had the city council the right to act on the claim filed? If the failure to verify was an irregularity which it might waive by taking action on the claim, then the decision of the circuit court was right. If, on the contrary, the action was a mere nullity, then under the construction placed on similar statutes in the cases cited the court had no power to proceed, because there never was any presentation to the council and without presentation the court might not exercise jurisdiction.

In passing upon this question it might be said that the statutes dealing with the verification and presentation of claims against counties and the powers and duties of county boards in reference thereto and the matter of appealing from the action taken are not materially different from the provisions of the *Madison* charter in so far as this question is involved. Secs. 677, 678, 682, 683, 684, 685, Stats.

The similarity of statutes dealing with claims against counties and those found in the charter of the city of *Madison* being conceded, the case of *Meyer v. Outagamie Co.* 134 Wis. 86, 114 N. W. 94, would seem to be directly in point. There Meyer filed a claim against the county, which was verified by his son. The verification, however, did not state that

the son was acting as the agent or attorney for the claimant, as the statute requires. The county board acted upon the claim, allowing part of it and disallowing the remainder. No appeal was taken from this action within the time limited by law. Subsequently Meyer filed another claim, which he himself verified. The county board refused to entertain it on the ground that it had already been acted upon and no appeal having been taken from this action the claimant was concluded thereby. Such was the view taken by the circuit court. On appeal to this court the judgment was reversed on the ground that the county board had no jurisdiction to entertain the claim first filed because the verification was defective in not stating that the party who made it acted as the agent or attorney for the claimant. It was further held that the presentation of the first claim was a mere nullity which the board could not consider and that it was its duty to take up and consider the second claim, which was legally presented. Other cases holding that the statute must be strictly complied with as to the manner of presenting claims against counties in order to give the county board jurisdiction are *Birdsall v. Kewaunee Co.* 124 Wis. 576, 103 N. W. 1; *Northern T. Co. v. Snyder,* 113 Wis. 516, 89 N. W. 460; and *Miller v. Crawford Co.* 106 Wis. 210, 82 N. W. 175.

The same rule has been applied against cities having charter provisions similar to those found in the charter of the city of *Madison.* The charter of the city of Green Bay contained the following provision: "No claim or demand whatever shall be allowed by the common council unless the same is verified by the owner thereof or some person in his behalf." Speaking of this provision this court said:

"The negative form of the last provision, following the preceding affirmative grant of power to deal with claims and demands, shows that a claim against the city, such as one for interest in the nature of damages, cannot be entertained by the common council unless it is properly verified as required by these provisions. The negative words, coupled with an

affirmative grant of power, to admit and allow claims and demands, import that the provisions of the grant are mandatory and not directory merely." *Wilcox v. Porth,* 154 Wis. 422, 428, 143 N. W. 165.

And it was held in this case that an action by a taxpayer would lie to recover money paid out on the claim under consideration. It is true that in that case no formal claim was presented to the city council, but the language of the court is that the claim could not in any event be entertained unless it was properly verified.

In *Hutchinson v. Oshkosh,* 151 Wis. 573, 139 N. W. 446, it was held under statutes substantially like those here involved that it was not proper for the city council to consider a claim which was not verified, and that on an appeal taken because the city council failed to act within the time prescribed by law upon such claim the court obtained no jurisdiction. It is proper to remark in reference to this case that the council refused to take any action on the claim.

Where a statute provides that the exclusive remedy of a claimant against a city is by appeal from the action or nonaction of the common council thereon, there must be a legal presentation of the claim to the council in order to confer jurisdiction by appeal on the court. *O'Donnell v. New London,* 113 Wis. 292, 89 N. W. 511; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280.

The order appealed from was entered and this appeal was perfected before ch. 219, Laws 1915, went into effect. We do not decide whether sec. 1 of that act, if applicable to the case, would affect the situation. Neither do we decide that such act may not affect cases that were pending when it was passed. Statutes conferring new rights are generally held not to have a retroactive effect unless such intention is fairly expressed or clearly implied. *Seamans v. Carter,* 15 Wis. 548; *Finney v. Ackerman,* 21 Wis. 268; *Vanderpool v. La C. & M. R. Co.* 44 Wis. 652, 663; *Jochem v. Dutcher,* 104 Wis. 611, 80 N. W. 949; *Lanz-Owen & Co. v. Garage E. M. Co.*

151 Wis. 555, 560, 139 N. W. 393; *Clemons v. C., St. P., M. & O. R. Co.* 137 Wis. 387, 400, 119 N. W. 102; *Keeley v. G. N. R. Co.* 139 Wis. 448, 454, 121 N. W. 167; *Quinn v. C., M. & St. P. R. Co.* 141 Wis. 497, 500, 124 N. W. 653. As to statutes relating to remedies, however, this strict rule does not apply. *State ex rel. Davis & S. L. Co. v. Pors,* 107 Wis. 420, 427, 428, 83 N. W. 706; *Stone v. Little Yellow D. Dist.* 118 Wis. 388, 396, 95 N. W. 405. The circuit court not having legal authority to consider the cause when the order appealed from was made, we do not think that in any event the statute referred to could vitalize such order.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to sustain the demurrer.