Blaser v. Vanden Heuvel, 164 Wis. 98.

BLASER, Respondent, vs. VANDEN HEUVEL, imp., Appellant.

*September 12—October 24, 1916.*

*Officers: Malfeasance: Town chairman: Discounting claims: Bounties on gophers, etc.: Payment by county: Recovery: Taxpayers' action: Claims: Filing: Verification: Allowance by county board.*

1. Where, at the request of the other members of the town board, a town chairman advanced money to pay bounties on gophers, hawks, and crows, and cashed certificates issued for such bounties, but discounted them sufficiently to reimburse himself for the interest on money which he borrowed for that purpose, such contracts of discount between the chairman and the owners of the certificates were not rendered void by secs. 4549, 4550, Stats.

2. The certificates so cashed having been filed with the town clerk, a claim for the amount thereof having been made by the town to the county board and allowed by it, and the money therefor having been paid to the town and by the town to the chairman, and it appearing that the claim was for the correct amount and that the sum paid by the county to the town was the amount lawfully due to the persons entitled to the bounties, a taxpayer of the county could not maintain an action to compel the town chairman to restore such sum to the county.

3. The fact that the bounty certificates were not filed within twenty days from the date thereof (sec. 1630b, Stats. 1913; sec. 62.49, Stats. 1915) did not preclude their being afterwards filed and considered.

4. Where a claim filed with the county board without verification was disallowed for that reason, such disallowance did not bar a subsequent presentation of the same claim, duly verified, and its allowance by the board.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Reversed.*

This action was brought by the plaintiff, a taxpayer of Oconto county, Wisconsin, to recover from the appellant, as chairman of the town of Chase in said county, money which appellant advanced to pay gopher and other bounties in 1910 and which had been repaid him by Oconto county. Prior to 1910 the county board of Oconto county passed a resolution providing for the payment of bounties on gophers, hawks, and

crows, such bounties being fixed by the statute. The appellant, chairman of the town of Chase, was requested by the other members of the town board to advance the money with which to pay the bounties, as the town had no money at the time. On proper affidavit the appellant issued certificates for the amount of the bounties and cashed some of them,. deducting therefrom an amount sufficient to reimburse him for interest which he was paying on money borrowed to pay the bounties. The amount of discount charged on the certificates was between $40 and $45. Appellant afterwards filed with the town clerk the certificates which he cashed. When all certificates had been paid, either by cash advanced by appellant or by town orders issued to the bounty claimants, a claim was made by the town to the county board, which claim was allowed and paid into the town treasury of the town of Chase. The town then paid to the appellant the amount of money represented by the certificates which he had cashed, which is the amount for which judgment was rendered in this action with interest.

It is established that the county of Oconto paid no more for such bounties than it would have paid had the certificates all been filed with the town clerk of Chase and orders issued in exchange for them. It further appears from the record that there was $654.90 paid to the appellant to reimburse him for moneys paid for gopher bounties.

The court below held upon the established facts that the county board had no authority to allow the claim of the town of Chase for moneys paid by appellant and that such payment was illegal, and that the appellant was a trustee of Oconto county for the sum of $654.90, and that the appellant pay over to Oconto county said sum with six per cent. interest from May 10, 1911, with costs.

Judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Classon & O'Kelliher,* and oral argument by *V. J. O'Kelliher.*

For the respondent there was a brief by *Lehner & Lehner,* and oral argument by *Philip Lehner.*

KERWIN, J.    The contention of counsel for respondent in support of the judgment below is based on secs. 4549 and 4550, Stats.    Sec. 4549 makes it an offense for certain officers, including members of town or village boards, among other things, to reserve or acquire any pecuniary interest in any purchase or sale of property or thing in action or in any contract, and provides a punishment by imprisonment in the county jail not more than one year or in the state prison not more than five years, or by fine not exceeding $500; and sec. 4550 makes it an offense for any person mentioned in sec. 4549 to redeem, discount, or purchase any debt or demand in favor of any other person against any town, city, or village, or against any fund thereof below the true and full amount thereof, and provides a punishment therefor by imprisonment in the county jail not more than one year or by fine not exceeding $500.

It is the contention of the respondent and was so held by the court below, as we understand the record, that the transaction between the certificate owners and the appellant by which the appellant discounted the certificates was in violation of the statute and rendered the transaction void, hence appellant could not avail himself of the benefits of the contract of discount.    It appears from the record that the amount reported by the town to the county for bounties was the correct amount due, and that the amount paid by the county to the town was the amount lawfully due to the persons entitled to the bounty, and that the county paid no more than the amount due and certified to be due by the town.

It is also clear that the plaintiff's claim upon the merits is based upon the theory that the statutes above referred to rendered the transaction of discount between the appellant and the owners of the certificates void.    The statutes in question

do not declare such a contract void, but provide a punishment for doing of the act. True, where the statute does not expressly declare the contract void, but prohibits, by penalty, the making thereof, courts in some cases have construed the statute as expressing a legislative purpose that such contracts shall be void and others that they shall not be. The subject is fully treated in *Laun v. Pacific Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660. It is considered that, applying the logic of that case to the statute in question, it should not be construed as rendering such contracts as we have here void.

Counsel for respondent also make the point that the certificates were not filed within twenty days as required by statute. They were, however, afterwards filed and considered, and we think properly. It is also claimed by respondent that the claim was barred because first filed with the county board without verification and disallowed and afterwards a proper claim was filed, duly verified, considered, and allowed. Obviously from the record the first claim was not considered because not verified, or disallowed for that reason, hence there was no bar. *Meyer v. Outagamie Co.* 134 Wis. 86, 114 N. W. 94. We are satisfied upon the undisputed facts in this case that no case was made by the plaintiff under the statutes referred to or otherwise. *Laun v. Pacific Mut. L. Ins. Co.* 131 Wis. 555, 111 N. W. 660; *Trojanowski v. C. & N. W. R. Co.* 163 Wis. 76, 157 N. W. 536.

*By the Court.*—The judgment below is reversed, and the cause remanded with instructions to dismiss the complaint.