STATE EX REL. LOTZ and others, Respondents, vs. HULL, Secretary of State, Appellant.

*June 4—June 23, 1920.*

*States: Fees of state board of medical examiners: Contradictory statutes: Attempted repeal of non-existent statute: Effect.*

Sub. 7, sec. 1436, Stats. 1915, fixing the maximum compensation of members of the state board of medical examiners at $10 per day, is not affected or repealed by sec. 20.44, Stats. 1917, fixing such maximum at $5, passed by the legislature to re-enact sub. 47, sec. 170, ch. 12, Stats. 1913, under the mistaken assumption that such law was in force.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The petitioners are members of the Wisconsin State Board of Medical Examiners. They fixed their compensation as such at the sum of $30 each for three days' attendance at a regular meeting of said board in June, 1919, under the claimed authority of sub. 7, sec. 1436, Stats., and

presented and filed with the defendant secretary of state claims or vouchers for such three days' service at the rate of $10 per day and demanded his audit of the same, upon which audit payment might be made to them respectively. The secretary of state refused to audit the claims except upon a basis of $5 per day. Petitioners then obtained an alternative writ of *mandamus* issued from the circuit court for Dane county requiring said defendant to so audit such claim at the rate of $10 per day. Defendant moved to quash such alternative writ.

From an order refusing to so quash and directing a peremptory writ of *mandamus* as prayed for by the relators defendant has appealed.

For the appellant there was a brief by the *Attorney General* and *M. B. Olbrich,* deputy attorney general, and oral argument by *Mr. Olbrich.*

*A. C. Umbreit* of Milwaukee, for the respondents.

ESCHWEILER, J. The only question involved in this appeal is as to whether the maximum *per diem* compensation to the petitioners as members of the Board of Medical Examiners of this state shall be the sum of $5 or $10.

In June, 1919, at the time the petitioners fixed their compensation at $10 per day, the following two provisions of law stood upon the statutes of this state:

"Section 1436. The Wisconsin state board of medical examiners shall have the power and it shall be its duty: . . . .

"7. To fix the compensation to be paid the members of said board, such compensation not to exceed the *sum of ten dollars* for each day actually spent in attending to the business of the board and the actual and necessary expenses of such members. All compensation and legitimate and necessary expenses incurred by the members, employees and the attorney of the board shall be paid from the fees and moneys received by said board and paid into the state treasury as an appropriation for said board."

128    SUPREME COURT OF WISCONSIN.  [June

State ex rel. Lotz v. Hull, 172 Wis. 126.

Also:

"Section 20.44. *Board of medical examiners.*  There is appropriated from the general fund to the state board of medical examiners, as follows:

"(1) *General.*  All moneys collected or received by each and every person for or in behalf of said board shall be paid within one week after receipt into the general fund, and are appropriated therefrom for the execution of the general functions of the board.  Of this there is allotted:

"(a) To each member of the board such compensation as shall be determined by the board, *not exceeding five dollars for each day* actually spent in attending to the business of the board."

The first of the above quoted sections came into the form as given by ch. 438, Laws 1915, and was placed in ch. 58, Stats. 1915, entitled "Medical Societies;" the second appeared as the result of ch. 14, Laws 1917, and was inserted in ch. 20, Stats. 1917, entitled "Appropriations and Salaries."  Manifestly but one of such provisions fixing the maximum compensation can be the present law.  The legislature when it closed its labors in 1917 left standing in the published laws of that year the two as above quoted, and the trial court held, and we think rightly, that the legislative intent to be spelled out from the somewhat perplexing situation presented must be that the first of the above quoted provisions, or that making the maximum compensation $10 a day, is the present law.

In 1911 the only statutory provision for compensation for such members fixed it at a maximum of $5 per day by sec. 1435c in ch. 58, "Of Medical Societies."

In 1913 a like amount was fixed for such salary by enacting sub. 47, sec. 170, inserted in ch. 12, "Salaries of Officers."

Ch. 438, Laws 1915, expressly repealed the above mentioned sec. 1435c, and by sec. 3 of said chapter provided: "All acts or parts of acts in conflict with the provisions of this act are hereby repealed."  The same chapter 438

created sec. 1436, including sub. 7 as quoted at the commencement of this opinion, and there has been no express repeal of such statute since then.

No serious contention is made nor could one well be made but that the repealing clauses in said ch. 438, Laws 1915, together with the enacting part thereof so creating sub. 7 of the new sec. 1436 above quoted, repealed and wiped off the statute books both of the two separate provisions theretofore existing fixing the maximum compensation at $5 per day as embodied in the former sec. 1436c and sub. 47 of sec. 170.

At the close of the session of 1915, therefore, there was but one provision in force regulating the amount of compensation, and that was the new sub. 7, sec. 1436, Stats., *supra,* fixing the maximum at $10 per day.

The revisor of the statutes presented to the legislature of 1917 for its consideration a bill which subsequently became ch. 14 of the Laws of 1917, and headed as follows:

"AN ACT to renumber chapter 20 of the statutes to be chapter 21 thereof, and to renumber sections 20.01 to 20.90 of said chapter respectively to be sections 21.01 to 21.90 respectively, and to consolidate and renumber chapters 12c. and 12m of the statutes, to be chapter 20 thereof; to consolidate, renumber and revise or amend all the sections and subsections of said chapters 12c and 12m, and other sections of the statutes and session laws herein specifically referred to, all relating to appropriations and salaries."

This act expressly included as parts thereof, among other things, a long table of contents as to the various departments of government and the previous sections of the statutes, and also a table of new-numbered sections affected by the act itself.

No reference or express provision is made, however, in such ch. 14 to sub. 7, sec. 1436, Stats., *supra.*

The same chapter, however, did, in form at least, consider the above mentioned sub. 47, sec. 170, as being still in

130    SUPREME COURT OF WISCONSIN. [June

State ex rel. Lotz v. Hull, 172 Wis. 126.

force and in existence, as is quite apparent from the very language of sec. 77 of said ch. 14, which starts as follows: "*Subsection 47 of section 170;* and sections 172—25 and 172—94 of the statutes are consolidated to be section 20.44, and revised to read;" and then follows the new sec. 20.44 quoted above.

There are two other significant features in connection with this ch. 14, Laws 1917: first, the revisor's note accompanying the bill so presented by him says:

"This revision carries forward the undertaking, inaugurated in the legislative session of 1911 and continued in the sessions of 1913 and 1915, to systematize and centralize in a single chapter all statutory provisions setting aside or appropriating state moneys for specified purposes.    The bill, it is believed, consolidates and presents *all such statutes existing and in force* at the beginning of the present session."

Evidently by this language indicating the purpose in the presentation of this law at least, and especially by the language above italicised, to be that such statutes as were then to be merely renumbered or consolidated were considered *then* existing statutes.    This, as we have seen, so far as sub. (a) of sec. 20.44, which was the exact language of repealed sub. 47 of sec. 170, is concerned, was a mistake and contrary to the fact.

There is therefore to be found no evidence of any express intent to directly or indirectly repeal the then existing sub. 7, sec. 1436, and plain and convincing proof that the legislature indulged in the mistaken assumption that sub. 47, sec. 170, Stats., *supra,* was still in existence.

Of the two horns of the dilemma here presented to us we think it the more reasonable course to hold to the one grasped by the trial court and decide that the attempted reenactment by ch. 14, Laws 1917, of former sub. 47, sec. 170, as an existent law, when as a matter of fact there was none such, was an error evident upon the face of the legislative records and which must be disregarded and held not con-

trolling as against the express provisions of sub. 7, sec. 1436, Stats., *supra,* to repeal which we can find no sufficient indication of legislative intent.

This disposition of the matter is well within the former ruling of this court in the case of *Svennes v. West Salem,* 114 Wis. 650, 653, 91 N. W. 121, and we need look no further for authorities.

Other objections have been raised and argued by defendant upon this appeal, but we deem it best to dispose of the matter upon the one point decided herein.

*By the Court.*—Order affirmed.