Taylor vs. De Camp.

TAYLOR, Respondent, vs. DE CAMP, Appellant.

*January 13 — February 1, 1887.*

*Rock county municipal court: Jurisdiction of appeals: Constitutional law: Forcible entry and unlawful detainer.*

1. Ch. 197, Laws of 1881, gives to the municipal court of Rock county exclusive jurisdiction of all appeals from the judgments of justices in said county, in both civil and criminal cases; and such act is not unconstitutional.
2. An action for forcible entry or unlawful detainer is a civil case, within the meaning of said act.

APPEAL from the Circuit Court for *Rock* County. The case is stated in the opinion.

For the appellant there was a brief by *J. W. Bates* and *H. McElroy,* and oral argument by *I. C. Sloan.*

*John Winans,* for the respondent.    [No brief on file.]

TAYLOR, J.    This action was originally brought in a justice's court in Rock county, under the forcible entry and detainer act.    The case was tried by the justice and a jury,

and a verdict of guilty rendered against the defendant.
From the judgment entered by the justice the defendant
appealed to the circuit court of Rock county. The justice
made his return to that court, and afterwards, on motion of
the respondent, the circuit court dismissed the appeal for
want of jurisdiction.

The appeal was dismissed because it was held by the cir-
cuit court that the act creating the municipal court of Rock
county gave that court exclusive jurisdiction of all appeals
from the judgments of justices' courts in that county. The
learned counsel for the appellant insists (1) that the act
creating said municipal court does not give it exclusive ju-
risdiction of such appeals; and (2) if it does by its terms give
such exclusive jurisdiction, then it is unconstitutional and
void.

We think the act creating the said municipal court clearly
and in express terms gives exclusive jurisdiction to such
court of all appeals from justices' courts in said county.
The language of the statute is as follows: " Said court may
exercise powers and jurisdiction equal and concurrent with
the circuit court of Rock county in all cases of crimes and
misdemeanors arising in said county, except murder. Such
jurisdiction includes the right to try and determine all ap-
peals in civil and criminal cases from justices of the peace
or police justices of said county. . . . Said court shall
have jurisdiction to try and determine all appeals in civil
and criminal cases from justices of the peace and police
justices in said county, and in all cases removed from said
justices' or police courts on account of the title to lands
coming in question, and all such cases shall be certified and
returned to said municipal court, instead of the circuit court
of said county, within ten days after the perfection of the
appeal in appealed cases, or the joining of issue in other
cases." [Sec. 1, ch. 197, Laws of 1881.] There does not
seem to be any reasonable doubt, from the language above

quoted, that it was intended by the legislature to give the municipal court exclusive jurisdiction of all appeals from the judgments of justices in said county in both civil and criminal actions.

The proceeding under the forcible entry and unlawful detainer chapter of the Revised Statutes is declared to be an action in a justice's court. See sec. 3362, R. S. Sec. 2597 says: "Actions are of two kinds, civil and criminal;" and a criminal action is one prosecuted by the state as a party against a person charged with a public offense, for the punishment thereof; and every other action is a civil action. This action is not prosecuted by the state, and, within the definition of actions, is a civil action. Sec. 3368, which provides for an appeal, treats it as an appeal from a judgment in a civil action. The case comes clearly within the language of the act conferring exclusive jurisdiction upon the municipal court.

The other objection, that the act is void so far as it confers exclusive jurisdiction of such appeals upon the municipal court, has been so often discussed and decided by this court adversely to the claim now made by the learned counsel for the appellant that we deem it unnecessary, if not improper, to go over the discussion again in this case. A citation of the decisions is all that seems called for in this case. *Harrison v. Doyle*, 11 Wis. 83; *McNab v. Noonan*, 20 Wis. 434, 443; *Geise v. Greene*, 49 Wis. 334, 339; *Raynor v. State*, 62 Wis. 289, 293; *Bookhout v. State*, 66 Wis. 415. These cases have settled the question in this state that the legislature may limit or take away the appellate jurisdiction of the circuit courts of this state, in certain designated cases, and vest such jurisdiction in other courts. This was done by the first act of the legislature giving civil jurisdiction to county courts in 1849.[1] That law provided

---

[1] R. S. 1849, ch. 86, secs. 23, 24.— REP.

that "no appeal to the circuit court shall be made or allowed of any cause tried or determined by the county court, except in probate cases; but in all cases of judgment rendered in such courts either party thinking himself aggrieved or injured by such judgment may remove the same by appeal or writ of error to the supreme court," etc. This power of the legislature to take away the appellate jurisdiction of the circuit court in such cases was upheld by this court in the case of *Harrison v. Doyle*, in 1860. That case has been followed from that time down to the decision in *Bookhout v. State*, in 1886. If there be any question to which the rule of *stare decisis* ought to be applied by this court, we think it should be applied to this question.

*By the Court.*— The order of the circuit court is affirmed.