ZEH, Respondent, vs. McCORMICK, Appellant.

*April 3—April 29, 1919.*

*Appeals from justices' courts in Outagamie county: To what court taken: Jurisdiction: Waiver of objections: "Subject matter:" Trial de novo: Defective appeal: Supplying affidavit inadvertently omitted.*

1. An action in a justice's court of Outagamie county wherein judgment was rendered for the defendant for costs only was not an action "where the amount of damages or value of property recovered, exclusive of costs, [did] not exceed fifty dollars," within the meaning of sec. 39, ch. 23, Laws 1907, which limits appeals in such actions to the municipal court of the county. The class of actions so described was intended to be confined to cases in which *some* damages or property is recovered.

2. Appellate jurisdiction in certain cases appealed from the justices' courts in a county may be vested in the municipal court of the county, to the exclusion of the circuit court.

3. Where, under sec. 39, ch. 23, Laws 1907, an appeal from a justice's judgment was authorized either to the circuit court or to the municipal court of Outagamie county at the election of the defendant (the successful party), and plaintiff appealed to the circuit court and return was duly made to that court, the defendant, under sec. 2836a, Stats., waived all objections to the jurisdiction of that court over person or subject matter by appearing therein and procuring a continuance before objecting to its jurisdiction. The words "subject matter" in said sec. 2836a are used in the narrow sense as meaning the subject matter of that particular lawsuit.

4. Where, in such case, the plaintiff so appealing desired a trial *de novo,* but inadvertently omitted at the time to file an affidavit, under sub. (2), sec. 3768, Stats., that he had a valid claim exceeding $15, the appeal was defective within the meaning of sec. 2836a, Stats., and the circuit court thereafter properly allowed such affidavit to be filed.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

Plaintiff sued in a justice's court of Outagamie county for money had and received in the sum of $95. Trial was had and judgment rendered for the defendant for costs only,

February 10, 1917, from which judgment plaintiff appealed to the circuit court for Outagamie county by filing a notice of appeal and undertaking. No affidavit to the effect that the plaintiff had a valid claim exceeding $15, under the provision of sub. (2), sec. 3768, Stats., was made or filed with the notice of appeal, and hence the plaintiff was not entitled to a trial *de novo,* but only to a trial upon the record. Return was duly made to the circuit court pursuant to the appeal, and at the first term thereafter the cause was continued generally on motion of the defendant and trial by jury waived. At the following term the case was duly called for trial before the court, and before any testimony was given the plaintiff's attorney moved for leave to file at that time an affidavit inadvertently omitted at the time of taking the appeal, stating that he had a valid claim exceeding $15, and thus secure a trial *de novo.* The defendant objected to the motion on the ground that the court had no jurisdiction and moved for dismissal on the same ground. The circuit judge offered to allow the defendant to make an affidavit of surprise and thus secure a continuance, and also offered to call in the municipal judge of Outagamie county or send the case to the municipal court, or transfer the cause to the jury calendar, all of which offers were refused by the defendant, and the defendant's counsel declined to proceed and withdrew from the case. Thereupon the trial proceeded before the court, the plaintiff introduced his proofs, and the court made findings of fact and conclusions of law entitling plaintiff to judgment for $95 and costs, upon which judgment was afterwards entered, and the defendant appealed.

For the appellant the cause was submitted on the brief of *Ryan, Cary & Frank* of Appleton.

For the respondent there was a brief by *Martin, Martin & Martin* of Green Bay, and oral argument by *P. H. Martin* and *John E. Martin.*

WINSLOW, C. J.    The act creating the municipal court of Outagamie county provides that appeals from justices' courts in civil actions, "where the amount of damages or value of property recovered, exclusive of costs, shall not exceed fifty dollars," shall be taken to the municipal court; and in all other cases to either the circuit or the municipal court at the election of the successful party, such election to be exercised after the appeal is taken in ways provided for by the act. Sec. 39, ch. 23, Laws 1907.

The first question for decision is whether the present case fell within the first class, i. e. was it a case where the amount of damages recovered exclusive of costs did not exceed $50? The argument on one side is that the class is confined to cases where *some* damages or property is recovered, and on the other side that when no damages are recovered the case is one where the amount of damages does not exceed $50.    It is not so important how this question is decided so that it be in fact decided, and, without spending time to discuss the matter, we content ourselves with holding that the case does not come within the class because that class is intended to be confined to cases of recovery of damages or property, and as there was no such recovery here the case comes within the other class.

In passing it may be said that there is no constitutional objection to the vesting of such appellate jurisdiction in the municipal court to the exclusion of the circuit court.    *Taylor v. De Camp,* 68 Wis. 162, 31 N. W. 728.

It was a case, therefore, where an appeal was authorized under certain circumstances to the circuit court, and, it appearing that return was duly made to that court, sec. 2836a, Stats., applies.    That section provides in substance that when an appeal is attempted to be taken in an action where an appeal is authorized to be taken to any court and return is duly made to such court, the respondent shall be deemed to have waived all objections to the regularity or sufficiency of

the appeal or the jurisdiction of the appellate court over person or subject matter, unless he makes his objection to the jurisdiction before taking or participating in the taking of any other proceedings in the latter court. The words "subject matter" are here evidently used, not in the broad sense as meaning such litigation in the abstract, but in the narrower sense as meaning the subject matter of that particular lawsuit, *i. e.* in the same sense in which they are used in that long line of decisions, of which *Palmer v. Peterson,* 46 Wis. 401, 1 N. W. 73, and *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006, are typical, which held that a substantial defect or omission in the appeal papers deprived the appellate court of jurisdiction of the subject matter, which could not be waived by general appearance of the party in court. *Read v. Madison,* 162 Wis. 94, 155 N. W. 954.

It seems plain to us that the section applies to the present case, and that by appearing in the circuit court and procuring a continuance before making his objection to the jurisdiction the defendant waived all objections to the jurisdiction of the circuit court, that being a court which has general jurisdiction of actions to recover for money had and received and also one of the courts to which the appeal in the present case was authorized to be taken.

The last question presented is whether the court properly allowed the affidavit to be filed which should have been filed at the time of taking the appeal in order to obtain a trial *de novo.*

Here, too, we think sec. 2836a governs the case and justifies the court's ruling. That section provides in substance that, when a motion to dismiss a defective appeal in such a case is made, the court may in its discretion allow defects or omissions in the appeal papers to be supplied with the same effect as if the appeal had been properly taken. In one sense the appeal papers here were not defective; that is, there was an appeal which would allow the court to try the case on the

justice's record.   But if the appellant desired a trial *de novo* the papers were defective because no affidavit of claim exceeding $15 was filed as required by sec. 3768, Stats., in order to obtain a new trial.   The court acquired no jurisdiction to try the case anew in the absence of the affidavit, and, if the appellant desired and intended to obtain such relief, the appeal was defective in a very real sense to that extent.

The trial court states in his findings of fact that the plaintiff moved for permission to file the affidavit "inadvertently omitted" at the time of taking the appeal in order to permit a trial *de novo*.   We regard this as substantially a finding that the omission to file the affidavit at the time of the appeal was an inadvertent omission in the course of an attempt to take an appeal which would entitle the appellant to a new trial. The practice would have been much better had an affidavit been filed showing the facts as to the omission, but there are no exceptions to the facts found by the trial judge, and so far as the record shows substantial justice seems to have been done.

*By the Court.*—Judgment affirmed.